## PEARL ASSUR. CO., Ltd., v. WILLIAMS.

### No. 14460.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 4, 1942.

Rehearing Denied Jan. 22, 1943.

Richard Owens, of Fort Worth, for appellant.

Earl L. Coleman, of Denton, for appellee.

SPEER, Justice.

This is an appeal by Pearl Assurance Company, Ltd., hereinafter called appellant, from a judgment sustaining special exceptions to its petition for Bill of Review of a judgment previously entered in cause No. 17273 in District Court of Denton County, wherein Fred C. Williams, hereinafter called appellee, had sued it on a policy of fire insurance.

Appellee instituted the original suit, and caused process to issue on March 26, 1942; service on appellant was had on March 30, 1942; the term of court convened on March 2nd and ended on April 25, 1942. Judgment was rendered in favor of appel-

lee for $1,075 on April 21st, as the full value of the automobile alleged to have been destroyed by fire.

Summarizing appellant's petition for the equitable relief sought, allegations were made to the effect that promptly after process was served on it, Richard Owens, an attorney at Fort Worth, Texas, was employed to look after its interests in relation to said suit and that on April 11th he filed a plea in abatement and subject thereto, an answer to the merits, sending to Earl Coleman, attorney for appellee, a copy thereof, and advising Coleman he would see him within a few days and discuss the case. That on April 20th, at the request of Coleman (appellee's attorney), the court set cause No. 17273 down for trial at nine o'clock the next day, April 21st, 1942; that no notice of such setting was given to said Owens, attorney for appellant, either by the clerk, the Court or the attorney for appellee; that Owens had no notice of such setting from any other source and did not know that judgment was entered for appellee on April 21st, until after the court had adjourned on April 25th, and too late to file motion for new trial; that appeal or writ of error from said judgment would not be available to appellant for the reason the record would not reflect the errors committed by the trial court, nor the meritorious defense pleaded by it in its bill of review.

It was averred that the judgment entered was void for the reason it was rendered prematurely, in that (1) because citation was served on March 30th, and the 20th day thereafter fell on Sunday, the following day, Monday, April 20th, was included in said 20-day period, and therefore appearance day for appellant would have been Monday, April 27th, if the court had continued in session, but having adjourned on April 25th, its appearance day was June 8, 1942, the first Monday at the succeeding term; (2) that if appellant be mistaken in the above allegation, then such setting of the case on April 20th for trial the next day was not made at a regular appearance day for appellant nor under any rule of said court, but at the request of appellee's attorney, and was tried by the court in the absence of appellant and its attorney when said attorney had not been given any notice of such setting, as required by law. It was further alleged that appellee's attorney knew the said Owens represented appel-

lant in said cause and had the court set the case for April 21st, gave no notice to said Owens of such setting, knowing that Owens did not know of the setting and that he could not have reached Denton, the place of trial, in time to have participated therein if he had been notified after such setting; that said acts of Coleman, attorney for appellee, were deliberate on his part, for the sole purpose of fraudulently preventing the said Owens from being present and participating in said trial and presenting appellant's meritorious defenses and to procure, as he did, an unconscionable and inequitable judgment against appellant. There were further allegations that no default judgment should have been rendered against appellant on April 21st, because it had already filed an answer on April 11th. That neither appellant nor its attorney was guilty of negligence in failing to learn of the setting on April 21st, made at the request of appellee's attorney.

The petition alleges a meritorious defense to a substantial part of appellee's cause of action, in that the policy of insurance called for payment of the value of the automobile if destroyed by fire, but appellant alleged that the car had been badly wrecked and materially depreciated in value shortly before the fire, and that at the time of the fire it was reasonably worth only $455.91, instead of $1,075, the amount for which judgment had been rendered. That because of the fraud perpetrated upon it by the attorney for appellee, it was prevented from presenting its said meritorious defenses. It prayed that the judgment theretofore entered be set aside and the case set for trial at the following June term of court when it could and would present its said defenses.

Upon a hearing, the trial court sustained 17 special exceptions to the petition. Appellant declined to amend, and the case was dismissed, from which order appellant has perfected this appeal.

Eight points or propositions are urged for reversal. Nos. 1 and 2 are to the effect that the judgment attacked is void because the case was set for trial and judgment entered before appearance day for appellant, and error of the court in sustaining special exceptions to appellant's pleadings to that effect.

This appeal involves constructions of several of our Rules of Civil Procedure

and for obvious reasons, we deem it the duty of the appellate courts to construe them at their earliest opportunity. Not especially applicable to the case before us, but generally, it may be said that the Bench and Bar may not lightly treat these Rules as "merely procedural matters or technicalities", as contradistinguished from statutory laws or well settled principles of equity. These Rules have the dignity of statutory provisions and must be observed as such. Like statutes, they must be carefully interpreted and applied. It is not optional with trial or appellate courts to disregard them because they do not meet the approval of such courts. They are designed to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law. Little less can be said of any wholesome law.

■ We overrule appellant's points 1 and 2, by which it is urged that appearance day for it was June 8, 1942, which was the first Monday of the June Term after adjournment of the March Term on April 25th. We shall presently state our reasons for this conclusion.

The citation was served on appellant on March 30th, and it is argued that because the 20th day thereafter fell on Sunday, the following day (Monday, April 20th) was included in that 20-day period before time started to run in which it should answer before appearance day, which would be the next Monday, if the court had not then ended, and if ended, then "the first day of the next term is appearance day as to him".

Rule 101 provides, among other things, for the requisites of a citation, which commands a defendant "to appear and answer the plaintiff's petition at or before 10 o'clock a. m. of the Monday next after the expiration of 20 days from the date of service thereof · * * *." Under these points, we are to determine not a period of time of 20 days elapsing after service of citation, but the period of time in which a defendant must appear and answer; in other words to determine what is appearance date for the defendant. Under the provisions of this rule it would appear to be a simple matter to count 20 days from date of service (not including that day) and observe by the calendar the following Monday, if the court term had not ended. But, as in this case, where the term ended in less than a week after the expiration of 20 days after service, a complication may arise. If appearance day based upon a proper calculation should fall on a Monday after adjournment of the term, then, under Rule 237, the first Monday in the next term would be appearance day for the defendant.

Appellant relies upon the provisions of Rule 4 for a computation of both the period included in the first 20 days after service and the fixing of its appearance day. Rule 4 provides: "In computing any period of time prescribed or allowed by these rules * * * the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Sunday nor a holiday." It is contended by appellant that because the 20th day after the service of process on it on March 30th fell on Sunday, April 19th, that period under Rule 4 did not end until Monday, April 20th, it not being a holiday. By this construction, it is claimed that the period in which it was required to appear did not begin to run until the expiration of Monday, April 20th, the day on which the case was set for trial by the court, at the request of appellee's attorney. The trial was had and judgment rendered on April 21st, under that setting. Admittedly the sole question for determination under these points is whether or not appellant's construction of Rules 4 and 101 is correct. We do not agree with appellant's contention in this respect.

Bearing in mind that we are seeking to discover the beginning and the end of a particular period of time in which appellant was required to appear, it having already answered, it occurs to us, as stated above, that the period started with the expiration of the 20th day after service; this is ascertained by counting the days, excluding the day of service and including the 20th day, even though it does fall on Sunday. This, for the reason there was nothing required of appellant on that 20th day and the fact that it happened to fall on Sunday deprived him of no right or privilege not common to any other Sunday or holiday within that period. We do not believe the provisions of Rule 4 referable to a computation of time are pertinent to the facts here involved. Evidently

Rule 4 was designed to give a party the full period of time, in any given situation, in which to act. If he had not acted within the preceding 19 days (if that be the time allotted) he still had the 20th day, when he could reasonably expect a clerk or other official to be on duty so the day would be available to him; but since the 20th day in the instant case did not constitute a portion of the time in which a duty was imposed upon appellant to act or do anything about its pending case, we think the period of time for answering and making an appearance began to run with the expiration of the 20th day. It has long been the policy of our law to give to defendant a traditional period of time (which period has varied in different kinds of actions) after service of citation before he is required to appear and answer and we believe that in deference to this precedent, the 20-day period mentioned in Rule 101 was promulgated, and that it should be so construed. What we have said is in harmony with the construction given by the sub-committee on interpretation of the Rules, as disclosed in Vol. 5, page 15, of Texas Bar Journal. While such expressions are not binding on the courts, yet when, as here, they are in harmony with our views, we gladly give credit.

Rule 4 had its source in Federal Rules of Civil Procedure, rule 6(a), 28 U.S.C.A. following section 723c, and in support of appellant's contention we are cited to Jordan v. Palo Verde Irrigation Dist., 9 Cir., 105 F.2d 601, for a construction of the Federal Rule which is worded very much like our Rule 4. The holding in the cited case is not applicable here for the reason there the court was determining whether or not an appeal had been perfected in time. The applicable law gave a party 30 days from the entry of the decree within which to perfect the appeal; the 30-day period ended on Sunday and it was held that he had until the end of the next day. In such circumstances if he had not been given the next day he would not have had 30 days in which to act. But where, as in this case, the 20-day period was not one in which appellant was required to take any action, the same rights were not involved. The peculiar circumstances involved in this case have prompted us to write somewhat at length upon the points presented. For the reasons stated, we overrule both propositions.

The remaining points assert in various forms that even though it be held that Monday, April 20th, was appellant's appearance day, it had previously filed an answer and for that reason no default judgment could be entered against it. Rule 239. But because the case was set on April 20th for trial at nine o'clock on April 21st at the request of appellee's counsel, and not under any other provision of Rule 245, without notice of any character to appellant's counsel; without fault or negligence on his part, and with the fraudulent intention of appellee's counsel to take an unfair advantage of appellant, the judgment rendered at such setting should be set aside upon the application of appellant. We sustain these points. This involves the nature of appellant's petition for review, the equitable relief to be awarded in such cases, and the effect to be given by the court to the special exceptions urged against the petition.

Rule 245 provides, among other things, that trial courts shall provide by rule for placing actions upon the trial calendar. The means to be employed are not prescribed, but the Rule does provide that it is to be done (a) without request of the parties, or (b) upon request of a party and notice to the other party, or (c) in any other manner the court deems expedient.

We are not advised by the record what, if any, rule or plan had been adopted by the trial court to comply with Rule 245, but we may safely assume that the court performed its duty in this respect. The allegations of appellant's petition were that the case was set by the court at the request of Williams' attorney. This is one of the means or plans which could be followed under Rule 245. It was also alleged that the attorney for appellee knew Richard Owens represented appellant in this suit, and that no notice to him was given of the requested setting; that he knew nothing about it until judgment had been rendered and court had adjourned. A special exception was sustained to these allegations of appellant; the effect of the special exceptions in this respect was that the petition did not specifically allege that appellant was not notified of the setting, but was confined to the attorney. That the allegations of the petition were conclusions not based on alleged facts to support them and that the petition disclosed on its face that appellant's counsel was negli-

gent and indifferent in attending to the case. All of the special exceptions were sustained by the court.

We think the petition was good as against the exceptions urged. Under Rule 45, a petition is good even though it does contain evidentiary allegations or legal conclusions when as a whole it gives fair notice to the opposing party. It shall be so construed as to do substantial justice.

There were plain, simple and concise allegations to the effect that counsel for appellee had fraudulently requested the setting for April 21st, without notice to appellant's counsel for the deliberate purpose of procuring an unfair and inequitable judgment against appellant; it alleged that appellant's counsel did not know of the setting from any source. The alleged meritorious defense so pleaded was in effect that the policy of insurance covered the value of the car when destroyed by fire, and that shortly before its destruction it was badly wrecked and in its then condition it was worth only $455.91, instead of $1,075, sued for, and the amount for which judgment was rendered.

It is the well settled rule of law in this state that the bill of review in equity is the proper remedy for setting aside a judgment procured by fraud. Also if the grounds presented by the bill would have required the granting of a new trial if presented at the time and in the manner provided by law, the bill of review should be granted. If the record would not disclose the error complained of in the bill, an appeal or writ of error would not be available as a remedy. 17 Tex.Jur. 27, § 25.

Appellant having sufficiently pleaded its equitable cause of action, it was reversible error for the court to sustain special exceptions thereto and deprive it of an opportunity to have its rights tried upon their merits.

Much latitude is given to trial courts in the exercise of judicial discretion, but this does not mean that every discretion so exercised is without appellate review. It is natural that trial judges will differ, as do those of the appellate courts, in these intricate and debatable matters. As said by our Supreme Court in Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124, 126: "While trial courts have some measure of discre-

tion in the matter [granting new trials], as, in truth, they have in all cases governed by equitable principles, it is not an unbridled discretion to decide cases as they might deem proper, without reference to any guiding rule or principle. * * * A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff." The facts in the above cited case involved a default judgment, yet to our minds, they are not stronger than those presented in the instant case by appellant's competent pleadings which, upon exceptions, must be considered as true.

The rule by which the sufficiency of pleadings is to be governed in such cases as the one before us, is ably discussed and the authorities cited in McAfee v. Jeter & Townsend, Tex.Civ.App., 147 S.W.2d 884, and we refrain from again citing the early decisions.

Appellee (Williams) cites and relies upon the rule announced in Davis v. Donalson, Tex.Civ.App., 91 S.W.2d 763, in support of his contention that the facts alleged in appellant's petition cannot be presumed true as against exceptions. The facts of that case reveal an entirely different situation to the one before us. There, the court was authorized to take judicial cognizance of many things not revealed by the pleadings, all of which were inconsistent with, and wholly repugnant to, those things relied upon in the petition. It was held that matters of which the court would take cognizance had the same effect as if they had been pleaded. Nothing of that kind is in the case under consideration.

From what we have said, it is apparent that we hold the trial court erred in sustaining the special exceptions presented against the sufficiency of appellant's petition, in the respects pointed out.

For the errors committed, the judgment of the trial court will be reversed and remanded for a trial upon the merits of appellant's petition, appertaining to its alleged meritorious defense. Reversed and remanded.