Keith Woodley, Woodley & Dudley, Comanche, for appellant.

Andy McMullen, Dist. Atty., Hamilton, for appellee.

## OPINION

McCLOUD, Chief Justice.

This is a summary judgment case. W.E. Clemons filed a bill of review to set aside a default judgment. Clemons was a surety on a bail bond for a defendant in a criminal proceeding. When the defendant failed to appear in court, the State of Texas proceeded to forfeit the bail bond. Judgment Nisi and a default judgment were subsequently entered against Clemons. In response to Clemons' bill of review, the State of Texas filed a motion for summary judgment. The trial court granted the motion for summary judgment and denied all relief requested by Clemons. Clemons appeals. We reverse and remand.

**W.E. CLEMONS, Appellant,**

v.

**STATE of Texas, Appellee.**

No. 11–87–036–CV.

Court of Appeals of Texas, Eastland.

Sept. 24, 1987.

Rehearing Denied Oct. 22, 1987.

The motion for summary judgment states in part:

> The State of Texas is entitled to Judgment as a matter of law because W. E. Clemons' Bill of Review does not allege that the Judgment complained of in Cause No. 17,115, styled THE STATE OF TEXAS VS BYRON KEITH LANDRUM in the District Court of Comanche County, Texas, was rendered as a result of fraud or wrongful act on the part of The State of Texas nor does it allege that the Judgment complained of was rendered as a result of accident or mistake, without the negligence of W. E. Clemons either in the course of the former action or after judgment.

Clemons' opposition to the motion for summary judgment alleges that the State's contentions were not "grounds for summary judgment but should be directed by way of special exception to Plaintiff's Bill of Review pleading."

Defects in a bill of review pleading are properly challenged by a special exception. TEX.R.CIV.P. 91; *Ragsdale v. Ragsdale,* 520 S.W.2d 839 (Tex.Civ.App.—Fort Worth 1975, no writ). A motion for summary judgment alleging that the plaintiff's pleadings fail to properly state a cause of action cannot take the place of a special exception. *Massey v. Armco Steel Company,* 652 S.W.2d 932 (Tex.1983); *Texas Department of Corrections v. Herring,* 513 S.W.2d 6 (Tex.1974); *Whatley v. National Bank of Commerce,* 555 S.W.2d 500 (Tex.Civ.App.—Dallas 1977, no writ).

In *Farrell v. Crossland,* 706 S.W.2d 158 (Tex.App.—El Paso 1986, writ dism'd), the court, before affirming a summary judgment in a bill of review case, carefully pointed out:

> There being no complaint in the trial court that the attack upon the pleading defect came in the form of a motion for summary judgment rather than a special exception....

In the instant case, Clemons, unlike the appellant in *Farrell,* specifically complained in the trial court that the attack upon his pleadings should have been by way of special exception, and not by summary judgment.

The judgment is reversed, and the cause is remanded to the trial court.