Richard S. MOSELEY, et al.,
Appellants,

v.

Matilde HERNANDEZ, Kleberg County Auditor, W.C. McDaniel, Kleberg County Judge, and Kleberg County, Texas, Appellees.

No. 13–89–252–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1990.

W.R. Hitchens, Fugate & Hitchens, Kingsville, for appellants.

Pete De La Garza, County Atty. and W.A. Ewert, Jr., Kingsville, for appellees.

Before KENNEDY, UTTER, and SEERDEN, JJ.

## OPINION

KENNEDY, Justice.

Appeal is taken from a final judgment of dismissal. Appellants, Kleberg County Sheriff's Deputies Moseley, Ruiz, Gutierrez, and Gonzales sued Kleberg County (including the county auditor and county judge) for breach of contract, violation of 42 U.S.C. § 1983, conversion, and estoppel. The trial court granted the County's motion to dismiss. Appellants assert four points of error. We reverse the judgment and remand for trial.

Briefly, we detail the relevant events leading to the filing of this suit. On February 6, 1985, the United States Customs Service seized almost six million dollars at the Kleberg County airport. Acting under the authority of the Comprehensive Crime Control Act of 1984, the Customs Service awarded one million dollars to the Kleberg County Sheriff's Department. The money was deposited by the Kleberg County Auditor and held in an interest bearing account. The interest was routinely withdrawn by the Sheriff and spent on various law enforcement items. On December 20, 1988, the Sheriff instructed the County Auditor to withdraw $92,000.00 and prepare checks in varying amounts to certain individuals and organizations. With the exception of issuing one check for $15,000.00 to the Palmer Drug Abuse Program, the auditor refused to issue the checks, pending a determination of the County's authority to control expenditures from the fund. Spe-

cifically at issue in the present case is the Sheriff's order that $1,000.00 be paid to each of twenty-nine Kleberg County Sheriff's Deputies, four of which are the appellants.

On May 12, 1989, appellants filed their second amended plea in intervention and original petition against the County, alleging an entitlement to these funds. On May 17, 1989, the County filed a motion to dismiss. On May 30, 1989, the trial court granted the County's motion to dismiss on the ground of appellants' failure to state a cause of action.

■ By their first three points of error, appellants contend that the trial court erred in dismissing the suit. We agree. The rule regarding dismissal for the failure to state a cause of action was articulated in *Texas Dep't of Corrections v. Herring*, 513 S.W.2d 6, 10 (Tex.1974) (emphasis ours):

> *[O]nly* after a party has been given an opportunity to amend *after special exceptions have been sustained* may the case be dismissed for failure to state a cause of action.

When there is no action by the trial court sustaining special exceptions, an order granting a dismissal for failure to state a cause of action must be reversed. *Graef v. City of Galveston*, 538 S.W.2d 816, 817–18 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ dism'd).

■ A special exception is the appropriate vehicle for urging that the plaintiff has failed to plead a cause of action (*see* Tex.R.Civ.P. 90, 91), and the pleader must be given, as a matter of right, an opportunity to amend the pleading. *See State v. Houdaille Indus., Inc.*, 632 S.W.2d 723, 724 (Tex.1982). Thus, when a special exception is sustained, a party has two options: (1) amend the pleadings to cure the defect or (2) stand on the pleadings and test on appeal the validity of the trial court's ruling. *Hubler v. City of Corpus*

*Christi*, 564 S.W.2d 816, 820 (Tex.Civ.App. —Corpus Christi 1978, writ ref'd n.r.e.).

■ The County argues that its motion to dismiss should be treated as a special exception. We recognize that the motion's nomenclature is not necessarily controlling because a motion to dismiss may properly be considered and sustained as if it was a special exception. Nonetheless, irrespective of whether we term the County's document a motion to dismiss, a speaking demurrer, a general demurrer, or a special exception, the result was that a take-nothing judgment was entered thereon without appellants having the opportunity to amend.[1] *See Susanoil, Inc. v. Continental Oil Co.*, 516 S.W.2d 260, 263–64 (Tex.Civ.App.—San Antonio 1973, no writ). Therefore, even if we view the trial court's action on the County's motion to dismiss as the sustaining of a special exception, the result is the same. We must reverse because the trial court neither gave appellants the opportunity to amend their petition nor gave them the opportunity to refuse to amend their petition. *See Herring*, 513 S.W.2d at 10; *cf. Townsend v. Memorial Medical Center*, 529 S.W.2d 264, 267 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.) (in which plaintiff refused to amend petition and trial court properly dismissed the case). Appellants' first three points of error are sustained.

By their fourth point of error, appellants argue that the trial court improperly denied their motion for class certification. Appellants assert that the proposed class consisted of the thirty-seven persons and organizations allegedly entitled to receive funds from Kleberg County as a result of the Sheriff's order. After a hearing on appellants' motion, the trial court orally denied class certification.

■ The decision to certify a class is within the sound discretion of the trial

---

1. We note, incidentally, that the County's motion to dismiss injects factual propositions not appearing in appellants' petition, and in reliance upon those facts, the County challenges the appellants' right to recover. Thus, the County's motion constitutes an impermissible "speaking demurrer." *See Brown v. Hawes*, 764 S.W.2d 855, 856 (Tex.App.—Austin 1989, no writ); *O'Neal v. Sherck Equip. Co., Inc.*, 751 S.W.2d 559, 562 (Tex.App.—Texarkana 1988, no writ); *Ragsdale v. Ragsdale*, 520 S.W.2d 839, 843 (Tex.Civ.App.—Fort Worth 1975, no writ); *McFarland v. Reynolds*, 513 S.W.2d 620, 626 (Tex.Civ.App.—Corpus Christi 1974, no writ).

court. *Amoco Prod. Co. v. Hardy*, 628 S.W.2d 813, 816 (Tex.App.—Corpus Christi 1981, writ dism'd); *Townplace Homeowners' Ass'n v. McMahon*, 594 S.W.2d 172, 177 (Tex.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.). The procedural rule controlling class certification provides, in relevant part:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Tex.R.Civ.P. 42(a). Once those prerequisites have been affirmatively shown, the movant must plead and prove that the action falls within one of the following categories: (1) individual suits may result in inconsistent or varying adjudications; (2) an adjudication regarding an individual member may be dispositive of interests of the other members, or may substantially impede those members' ability to protect their individual interests; (3) the party opposing the class has acted or refused to act on grounds generally applicable to the class; (4) the suit affects specific property; or (5) common questions of law or fact predominate over questions affecting only individual members. Tex.R.Civ.P. 42(b).

■ In the present case, the County presented the affidavits of seven of the twenty-nine deputies in which the seven deputies affirmatively opted out of any potential class action suit. The record also shows that one of the potential class members, the Palmer Drug Abuse Program, has already received the $15,000.00 allocated to it by the Sheriff.

In support of certification, appellants claim that the County has acted the same way with regard to each individual claimant, denying their claims for the same reasons. This simply is not so. Payment was made to one potential class member. In fact, appellants' pleadings assert that the County was estopped to deny payment to them because it had already paid the Palmer Drug Abuse Program. We fail to see how such a position taken by appellants adequately protects the interests of all potential class members.

■ Appellants further argue that the questions of law and fact with regard to each of the claims are identical. This too simply is not so. In fact, appellants allege in their brief that they were denied due process rights on the basis of a "property interest ... based upon their performance as deputies." Many of the potential class members are not deputies. Further, we find that the potential class is not so numerous that joinder is impracticable. The trial court did not abuse its discretion by denying appellants' motion for class certification. Point four is overruled.

The trial court's judgment is REVERSED, and this cause is REMANDED for trial.

UTTER, J., not participating.