**CENTENNIAL INSURANCE COMPANY and Westbrook Sales & Distributing, Inc., Appellants,**

v.

**COMMERCIAL UNION INSURANCE COMPANIES, Commercial Union Insurance Company, and, The Northern Assurance Company of America, Appellees.**

No. A14–90–00142–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 24, 1991.

Chris C. Pappas, Stuart W. Lapp, Jacqueline A. Armstrong, Houston, for appellants.

Jim Baker, M. Karinne McCullough, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and JUNELL and MURPHY, JJ.

## OPINION

MURPHY, Justice.

Our opinion of November 21, 1990 is withdrawn, and the following opinion is substituted therefor.

This is an action by an excess insurance carrier and its insured against the insured's primary insurance carriers. Appellants sued appellees alleging negligence and bad faith in connection with appellees' investigation, evaluation, negotiation and defense of a jointly insured tort liability claim. Appellees moved to dismiss the case on grounds that appellants had failed to state a cause of action upon which relief could be granted. The trial court granted appellees' amended motion to dismiss, and this appeal followed. In two points of error, appellants complain that the trial court erred in granting the motion to dismiss. We reverse and remand.

This case arises from a personal injury action filed by Paul and Janet White against appellant Westbrook Sales & Distributing, Inc. ("Westbrook"). The Whites sued Westbrook for damages incurred as the result of an automobile accident involving a truck owned and operated by Westbrook. Westbrook had primary insurance coverage up to $100,000.00 through appel-

lees and had excess coverage up to $1,000,000.00 through appellant Centennial Insurance Company. Pursuant to the terms of the insurance policies, appellees provided Westbrook's defense to the action. The Whites' suit against Westbrook proceeded to trial, and the jury returned a verdict in favor of the Whites for $1,036,775.48. Following entry of the judgment, the case was settled, and the Whites received $125,343.12 from appellees and $825,000.00 from appellant Centennial Insurance Company.

Following the post-judgment settlement of the Whites' suit against Westbrook, appellants initiated this action against appellees by filing their original petition on June 25, 1985. Appellants' petition sought to recover Centennial Insurance Company's contribution to the settlement fund, as well as other expenses associated with the underlying litigation and punitive damages. On January 31, 1987, appellants filed their first amended petition in this case, and on October 9, 1987, they filed a supplemental petition. Appellants' amended and supplemental petitions asserted that Centennial Insurance Company was equitably subrogated to the rights of Westbrook and alleged that appellees had violated the duty owed by primary insurance carriers to excess insurance carriers. Specifically, appellants pleaded that primary insurance carriers owe a duty to excess insurance carriers both directly and under the doctrine of triangular reciprocity.

On October 16, 1989, appellees filed a pleading entitled "COMMERCIAL UNION'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, SPECIAL EXCEPTIONS." The pleading contained special exceptions directed at allegations in appellants' original petition and asserted that appellants had failed to allege a cause of action recognized under Texas law. The pleading concluded by requesting that the trial court either dismiss appellants' action for failure to state a cause of action or order appellants to replead in accordance with the special exceptions.

On November 9, 1989, appellants filed their response to Commercial Union's Motion to Dismiss or, in the Alternative, Special Exceptions. Appellants' response challenged the propriety of appellees' special exceptions by noting that the special exceptions were directed at allegations contained in appellants' original petition, despite the fact that such allegations had been superseded by appellants' first amended petition and supplemental petition. Appellants' response further asserted that the causes of action set forth in their pleadings should be recognized under Texas law. In a brief filed in support of their response, appellants asserted their right to present evidence to the trial court and jury on the contested issues in the case. In addition, the brief stated that "[t]he mere fact that Commercial Union recites what they believe *should* be the law is not a basis for dismissal."

On December 11, 1989, appellees filed a pleading entitled "COMMERCIAL UNION'S AMENDED MOTION TO DISMISS." As the title of the pleading suggests, appellees' amended motion to dismiss, which completely superseded their original pleading, *see* TEX.R.CIV.P. 65, contains no special exceptions. Rather, appellees' amended motion to dismiss asserts only that appellants' action should be dismissed for failure to plead any cause of action recognized under Texas law. On December 18, 1989, the trial court, without allowing appellants an opportunity to replead or amend, granted appellees' amended motion and dismissed the suit.

In their first point of error, appellants contend that the trial court erred in impliedly holding that an excess insurance carrier has no cause of action against a primary insurance carrier under theories of equitable subrogation, direct duty or triangular reciprocity. In view of our disposition of appellants' second point of error, we need not reach this point. Trial courts and attorneys should be mindful of the fact that this court has no jurisdiction to render an advisory opinion or determine questions not essential to the decision of an actual controversy, regardless of the fact that such questions may require adjudication in the future. *See Public Utility Comm'n v. Houston Lighting & Power Co.*, 748 S.W.2d 439, 442 (Tex.1987); *Firemen's Ins.*

Co. v. Burch, 442 S.W.2d 331, 333 (Tex. 1968). We can well appreciate that the parties to this appeal would prefer a definite answer by this court to the interesting questions of law posed by this point of error, but the giving of legal advice is the function of the legal profession, not the courts. Firemen's Ins. Co., 442 S.W.2d at 333–334. Accordingly, nothing in this opinion should be construed as a comment on the substantive merits of appellants' asserted causes of action.

■ In their second point of error, appellants contend that the trial court erred in granting the amended motion to dismiss, because a motion to dismiss is not a proper procedural tool for summary adjudication of an action. We agree. See Graef v. City of Galveston, 538 S.W.2d 816, 817–818 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ dism'd); Moseley v. Hernandez, 797 S.W.2d 240, 242 (Tex.App.—Corpus Christi 1990, n.w.h.). Appellees, however, assert that this point of error is not properly before this court, because appellants failed to preserve the error by presenting the matter to the trial court.

Regardless of whether the error in question was sufficiently presented to the trial court, we find that this case presents one of "those rare instances in which the record shows that the court lacked jurisdiction or that the public interest is directly and adversely affected as that interest is declared in the statutes or the Constitution of Texas." Pirtle v. Gregory, 629 S.W.2d 919, 920 (Tex.1982). Specifically, we find that the trial court lacked authority to enter the order of dismissal in this case, and that its action in dismissing the case constituted a direct affront to the public interest embodied in the Texas Rules of Civil Procedure.

■ It is well established that the Texas Rules of Civil Procedure have the dignity of statutory provisions and must be observed as such. E.g., Pearl Assurance Co. v. Williams, 167 S.W.2d 808, 810 (Tex.Civ. App.—Fort Worth 1942, no writ). The rulemaking authority for the Texas Rules of Civil Procedure is vested exclusively in the Supreme Court of Texas, and no other court in Texas is authorized or empowered to enact or amend rules of civil procedure that would be inconsistent with the rules promulgated by the supreme court. Beach v. Runnels, 379 S.W.2d 684, 686 (Tex.Civ. App.—Dallas 1964, writ ref'd); see Tex.R. Civ.P. 3a. The rules are designed to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law, Tex. R.Civ.P. 1; Pearl Assurance, 167 S.W.2d at 810; and neither trial courts nor appellate courts are at liberty to disregard the rules simply because they do not meet the approval of such courts. Id.

In this case, the trial court employed an unauthorized procedural mechanism to summarily dismiss appellants' action without giving appellants an opportunity to replead. This action clearly contravened both the letter and the spirit of the Texas Rules of Civil Procedure. The supreme court has consistently recognized that the protective features of the special exception procedure should not be circumvented by a motion for summary judgment on the pleadings or other means where a plaintiff's pleadings fail to state a cause of action. See Massey v. Armco Steel Co., 652 S.W.2d 932, 934 (Tex.1983); Texas Dep't of Corrections v. Herring, 513 S.W.2d 6, 10 (Tex.1974). In addition, we note that appellees' amended motion to dismiss in this case is the functional equivalent of a general demurrer. See Herring, 513 S.W.2d at 10; McFarland v. Reynolds, 513 S.W.2d 620, 626 (Tex.Civ.App.—Corpus Christi 1974, no writ). Accordingly, to abide the motion to dismiss would not only run afoul of Tex.R.Civ.P. 90, which expressly precludes the use of general demurrers, but would also permit appellees to circumvent the protective features of the special exception procedure. See Herring, 513 S.W.2d at 10.

■ In support of their contention that appellants have waived any error regarding the trial court's action in granting the motion to dismiss, appellees rely principally upon San Jacinto River Authority v. Duke, 783 S.W.2d 209 (Tex.1990) and Clemons v. State, 737 S.W.2d 431 (Tex.App.—

Eastland 1987, writ ref'd). We find these cases to be distinguishable from the case at bar for several reasons. In *Duke*, the supreme court began its analysis by noting that the grounds of reversal relied upon by the court of appeals had been neither briefed nor assigned as error in the lower court and then emphasized in its holding that a court of appeals could not raise grounds for reversal *sua sponte*. *See Duke*, 783 S.W.2d at 209–210. In the case at bar, both appellants and appellees have fully briefed the issues raised by this point of error. In *Clemons*, the court of appeals' holding was predicated upon the limited scope of review mandated by the appellant's failure to file any responsive pleading in the trial court. *See Clemons*, 737 S.W.2d at 432. The unique procedural stance of this case, however, does not so limit our review.

We also note that both of the cases relied upon by appellees involve appeals from summary judgments. Although motions for summary judgment are authorized in the Texas Rules of Civil Procedure as a means of summary adjudication of an action, motions to dismiss for failure to state a cause of action are not. This distinction is significant, because while both the trial and appellate procedures regarding motions for summary judgment are well settled in Texas, no procedural guidelines or safeguards exist in connection with motions to dismiss for failure to state a cause of action. *Compare* FED.R.CIV.P. 12(b) (providing that a motion to dismiss for failure to state a cause of action shall be treated as a motion for summary judgment and that "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56"). Accordingly, we will address the merits of appellants' second point of error.

■ Although FED.R.CIV.P. 12(b)(6) provides for a motion to dismiss for failure to state a claim upon which relief can be granted, the Texas Rules of Civil Procedure do not contain any analogous provision. Under the Texas Rules of Civil Procedure, the proper way for a defendant to urge that a plaintiff has failed to plead a

cause of action is by special exception. *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex.1983); *Texas Dep't of Correction v. Herring*, 513 S.W.2d 6, 10 (Tex. 1974); *McFarland v. Reynolds*, 513 S.W.2d 620, 626 (Tex.Civ.App.—Corpus Christi 1974, no writ). Although special exceptions are generally considered to be the means by which an adverse party may force clarification of vague pleadings, they may also question the sufficiency in law of a plaintiff's petition. *McFarland*, 513 S.W.2d at 626.

■ When special exceptions are sustained by a trial court, the pleader must be given, as a matter of right, an opportunity to replead. *Moseley v. Hernandez*, 797 S.W.2d 240, 242 (Tex.App.—Corpus Christi 1990, n.w.h.). Only after special exceptions have been sustained and a party has been given an opportunity to amend its pleadings may a case be dismissed for failure to state a cause of action. *Massey*, 652 S.W.2d at 934; *Herring*, 513 S.W.2d at 10. When there is no action by the trial court sustaining special exceptions, an order granting a dismissal for failure to state a cause of action must be reversed. *Graef v. City of Galveston*, 538 S.W.2d 816, 817, 818 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ dism'd); *Moseley*, 797 S.W.2d at 242.

■ Appellees argue that, under TEX.R. CIV.P. 71, this court should treat their amended motion to dismiss as a special exception. This argument is completely without merit. Rule 71 pertains to the trial court's handling of mistakenly designated or misnamed pleadings; it does not enable a court of appeals to amend the rules of civil procedure at will. *See Beach v. Runnels*, 379 S.W.2d 684, 686 (Tex.Civ.App.— Dallas 1964, writ ref'd). In essence, appellees' amended motion to dismiss amounts to nothing more than an attempt to file a FED.R.CIV.P. 12(b)(6) motion in state court. It is abundantly clear that the pleading in question was intended as a motion to dismiss, rather than a special exception, and that it was granted by the trial court as a motion to dismiss. Although appellees' original motion to dismiss, in addition to

seeking dismissal, contained special exceptions and requested that the trial court order appellants to replead, it was superseded by appellees' amended motion to dismiss. The amended motion to dismiss, which the trial court granted, makes no reference to special exceptions and seeks only to have appellants' action dismissed for failure to state a cause of action.

Furthermore, irrespective or whether we term appellees' pleading a motion to dismiss, a general demurrer or a special exception, the result is that a take-nothing judgment was entered thereon without appellants having an opportunity to amend or replead. Therefore, even if we characterize the trial court's action on appellees' motion to dismiss as the sustaining of a special exception, the result is the same. We must reverse and remand, because the trial court neither gave appellants the opportunity to amend their petition nor gave them the opportunity to refuse to amend and stand on their pleadings. *Moseley v. Hernandez*, 797 S.W.2d 240, 242 (Tex.App.—Corpus Christi 1990, n.w.h.). Appellants' second point of error is sustained.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings.