**FORT BEND COUNTY, Appellant,**

v.

**Dianne WILSON, Appellee.**

**No. C14–91–00462–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 27, 1992.

Robert E. DeLong, Jr., Franklin Blazek, Huntsville, for appellant.

Donald W. Bankston, Richmond, for appellee.

Before JUNELL, ROBERTSON and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

Fort Bend County appeals the trial court's dismissal of its removal action against Dianne Wilson, the County Clerk of Fort Bend County, for alleged official misconduct and incompetency. The trial court granted appellee's motion to dismiss pursuant to Tex.Local Gov't Code Ann. § 87.001 (Vernon 1991). In four points of error, Fort Bend County contends that the trial court erred in holding that under this statute, Wilson could not be removed for official misconduct because the alleged acts of misconduct occurred prior to her re-election in November. The County appeals this dismissal on substantive and procedural grounds. Substantively, it asserts that the trial court erred in failing to apply the so-called "Forgiveness Doctrine," which requires that evidence must show that the electorate knew of the acts of alleged misconduct at the time of the election. The County also contends that the trial court interpreted section 87.001 in contravention of Tex. Const. art. V, § 24, and that section 87.001 should only apply to original elections and not to re-elections, as here. In its final and procedural point of error, which we find dispositive of the case, the County alleges that the court erred in granting appellee's pre-trial motion to dismiss because the motion was the functional equivalent of a general demurrer which is prohibited by Tex.R.Civ.P. 90. They assert that such a summary dismissal in this case is not authorized by the Texas Rules of Civil Procedure. We agree and reverse the dismissal.

In December, 1990, appellant filed a petition for removal against appellee pursuant to art. V, section 24, of the Texas Constitution, and chapter 87 of the Texas Local Government Code alleging misconduct in office and incompetency beginning in May, 1986, and continuing until the filing of the petition. Appellee filed her original answer and a Motion to Dismiss on December 31, 1990. The original answer contained a special exception that asserted the dates of the alleged acts occurred prior to her re-election on November 6, 1990, and, therefore, section 87.001 of the Texas Local Government Code barred any attempted removal from office. Appellee requested an order sustaining the special exception and dismissing the petition with prejudice. Appellee's detailed Motion to Dismiss was not couched in terms of a special exception, but simply requested that the court dismiss the petition and cause of action with prejudice because section 87.001 precluded her removal for alleged acts committed prior to her re-election to office. On February 14, 1991, the trial court granted appellee's Motion to Dismiss the cause of action with prejudice specifically on the section 87.001 grounds asserted.

■ Appellant alleges the trial court erred in summarily granting appellee's Motion to Dismiss because it is the equivalent of a general demurrer expressly prohibited by Rule 90 of the Texas Rules of Civil Procedure. Appellant claims appellee's pleading cannot be considered a special exception because the trial court failed to allow appellant to amend its pleadings. Moreover, it complains the trial court's action on the motion cannot be properly characterized as sustaining a plea in abatement, plea in bar, or motion for summary judgment. We agree.

Rule 90 provides that "general demurrers shall not be used." TEX.R.CIV.P. 90. Although Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for a motion to dismiss for failure to state a claim upon which relief can be granted, the Texas Rules of Civil Procedure do not contain any analogous provision. *Centennial Ins. v. Commercial Union Ins.*, 803 S.W.2d 479 (Tex.App.—Houston [14th Dist.] 1991, no writ). Under the Texas Rules of Civil Procedure, a special exception is the appropriate vehicle for urging that the plaintiff has failed to plead a cause of action, and the pleader must be given, as a matter of right, an opportunity to amend the pleading. *Moseley v. Hernandez*, 797 S.W.2d 240, 242 (Tex.App.—Corpus Christi 1990, n.w.h.). Although special exceptions are generally considered to be the means by which an adverse party may force clarification of vague pleadings, they may also question the sufficiency in law of a plaintiff's petition. *Centennial Ins. v. Commercial Union Ins.*, 803 S.W.2d at 483. When there is no action by the trial court sustaining special exceptions, an order granting a dismissal for failure to state a cause of action must be reversed. *Id.*

In *Centennial*, we found that the trial court lacked authority to grant appellees' amended motion to dismiss, and that its dismissal action constituted a "direct affront to the public interest embodied in the Texas Rules of Civil Procedure." We stated:

> The rulemaking authority for the Texas Rules of Civil Procedure is vested exclusively in the Supreme Court of Texas ... The rules are designed to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law ... and neither trial courts nor appellate courts are at liberty to disregard the rules simply because they do not meet the approval of such courts.

*Id.* at 482. This court noted that appellees' amended motion to dismiss was the functional equivalent of a general demurrer which is expressly precluded by Rule 90. For these reasons, this court reversed the trial court by concluding it employed an unauthorized procedural mechanism to summarily dismiss appellants' action without giving appellants an opportunity to replead. *Id.*

In the present case, appellee argues her case is distinguishable from *Centennial* because she filed a special exception in her original answer under Rule 71 of the Texas Rules of Civil Procedure. She also contends the court did not err in granting her motion to dismiss without allowing appellant an opportunity to amend its pleadings because section 87.001 is a fatal bar to any petition for removal. Neither argument has merit. Rule 71 pertains to the trial court's handling of mistakenly designated or misnamed pleadings; it does not enable a court of appeals to amend the rules of civil procedure at will. *Centennial*, 803 S.W.2d at 483; TEX.R.CIV.P. 71. As in *Centennial* and *Moseley*, appellee's motion to dismiss was a disguised endeavor to file a Rule 12(b)(6) of the Federal Rules of Civil Procedure motion in state court. Further, appellant's motion to dismiss cannot be considered a special exception under Rule 71 because the trial court sustained it as a motion to dismiss without permitting appellant to amend its petition. The trial court utilized a prohibited procedural mechanism to summarily dismiss appellant's petition. Thus, even if we perceive the trial court's dismissal action as the sustaining of a special exception, we still hold that the case must be reversed and remanded because the trial court failed to provide appellant with an opportunity to amend its petition or to refuse and stand on its pleadings.

We acknowledge that both parties encourage us to determine the substantive merits by interpreting section 87.001 and the applicability of the so-called Forgiveness Doctrine to this case. This we decline to do. As we pointed out in *Centennial*, we have no jurisdiction to render advisory opinions or to determine questions not essential to our decision notwithstanding that such questions may require adjudication in the future. *Centennial*, 803 S.W.2d at 481. The learned trial court is quite capable of dealing with these substantive issues

on remand either by proper summary disposition or trial.

Accordingly, we sustain appellant's fourth point of error; the judgment is reversed and the cause remanded for further proceedings.