Affirmed and Memorandum Opinion
filed June 2, 2011.

 

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-01079-CV



Texas Southern
University, Appellant 

v.

Lisa Rodriguez,
Appellee 



On Appeal from
the 125th District Court

Harris County, Texas

Trial Court
Cause No. 2009-40147



 

MEMORANDUM OPINION 

            Appellant
Texas Southern University (TSU) brings this interlocutory appeal from the trial
court’s denial of its plea to the jurisdiction in appellee Lisa Rodriguez’s
employment discrimination suit.[1] 
TSU asserts that Rodriguez did not exhaust her administrative remedies by
timely filing her complaint with the Texas Workforce Commission Civil Rights
Division (TWC), and she cannot maintain her claim under the Texas Whistleblower
Act.  We affirm.  

Background

            In
April 2006, Rodriguez began her employment with the TSU Department of Public
Safety as a patrol officer.  Rodriguez alleges that her field training officer
Lieutenant Preston Fontenot repeatedly sexually harassed her by making sexual
innuendos and inappropriate remarks toward her, including comments on her
physical attractiveness and questions regarding the type or color of her under
garments, and by keeping a picture of her on his desk.

On September 14, 2007, Rodriguez filed a complaint
with the TWC.  On the TWC charge form, Rodriguez marked the box indicating that
her complaint was based on sex discrimination, marked the box indicating that
it was a continuing action, and stated the earliest date of the discrimination
was April 10, 2006, and the latest date of discrimination was July 17, 2007. 
In her TWC complaint, Rodriguez described the discrimination as follows:

I. On or about April 3, 2006, I began my employment with
Texas Southern University as a Police Officer.  Beginning around April 10,
2006, my supervisor, Preston Fontenot, began sexually harassing me.  Mr.
Fontenot would text me messages related to having sex with me, he would invite
me out and he would ask me questions about my underwear.  Although I advised
Mr. Fontenot that I was not interested in having a sexual relationship with
him, he has continued to proposition me.  On or about September 14, 2007, I
made both the Captain and the Chief aware of the sexually hostile environment
Mr. Fontenot had created for me.  

II. Mr. Fontenot has a history of sexually harassing at
least one other female officer.  Management has advised me that they would look
into the current situation involving myself, but, to date they have not resolved
the issue.

III. I believe I have been discriminated against based on
my sex, female, in violation of Title II of the Civil Rights Act of 1964, as
amended.

On June 25, 2009, Rodriguez filed her original
petition against TSU and Fontenot, alleging sexual harassment, retaliation, and
violations of the Texas Whistleblower Act.  On August 13, 2010, Rodriguez filed
a third amended petition alleging that TSU retaliated against her by firing her
in July 2010.  The trial court denied TSU’s plea to the jurisdiction.

Standard of Review

            Whether
a court has jurisdiction is a question of law that is reviewed de novo.  City
of Elsa v. Gonzalez, 325 S.W.3d 622, 625 (Tex. 2010) (per curiam).  A plea
to the jurisdiction challenges the court’s subject matter jurisdiction.  City
of Dallas v. Carbajal, 324 S.W.3d 537, 538 (Tex. 2010) (per curiam).  When
a plea to the jurisdiction challenges the pleadings, we determine if the
pleader alleged facts that affirmatively demonstrate the court’s jurisdiction
to hear the case.  City of El Paso v. Heinrich, 284 S.W.3d 366, 378
(Tex. 2009).  We construe the pleadings liberally in favor of the plaintiff and
look to the pleader’s intent.  State v. Holland, 221 S.W.3d 639, 643
(Tex. 2007).  If a plea to the jurisdiction challenges the existence of
jurisdictional facts, we consider relevant evidence submitted by the parties
when necessary to resolve the jurisdictional issues raised, as the trial court
is required to do.  Univ. of Tex. at Austin v. Hayes, 327 S.W.3d 113,
116 (Tex. 2010) (per curiam).  If there is no question of fact as to the
jurisdictional issue, the court must rule on plea to the jurisdiction as a
matter of law.  Heinrich, 284 S.W.3d at 378.  If the evidence raises a
fact question on jurisdiction, the trial court cannot grant the plea, and the
trier-of-fact must resolve the issue.  Hayes, 327 S.W.3d at 116.  

Discrimination Claims

Sex
Discrimination

In its first and third issues, TSU asserts that the
trial court erred by denying its plea to the jurisdiction because Rodriguez did
not timely file her discrimination charge with the TWC.  The Texas Labor Code
makes it unlawful for an employer to discriminate against an employee with
respect to compensation or the terms, conditions, or privileges of employment
because of race, color, disability, religion, sex, or national origin.  Tex. Lab. Code Ann. § 21.051 (West 2006). 
Sexual harassment is a form of sex discrimination prohibited by the Labor Code. 
Hoffmann-La Roche Inc. v. Zeltwanger, 144 S.W.3d 438, 445 (Tex. 2004); Del
Mar Coll. Dist. v. Vela, 218 S.W.3d 856, 860 (Tex. App.—Corpus Christi
2007, no pet.).  There are two general types of sexual harassment: quid pro quo
and hostile work environment.  Waffle House, Inc. v. Williams, 313
S.W.3d 796, 804 (Tex. 2010).  Quid pro quo harassment occurs when employment
benefits are conditioned on sexual favors, while a hostile work environment is
the result of sexual harassment.  Hoffmann-La Roche Inc., 144 S.W.3d at
445 n.5.  Rodriguez’s claim of sexual harassment implicates a hostile work
environment.  See Del Mar Coll. Dist., 218 S.W.3d at 860.  

            Pursuant
to section 21.202, “[a] complaint under this subchapter must be filed not later
than the 180th day after the date the alleged unlawful employment practice
occurred.”  Tex. Lab. Code Ann. §
21.202(a) (West 2006).  This time requirement is mandatory and jurisdictional. 
Specialty Retailers, Inc. v. DeMoranville, 933 S.W.2d 490, 492 (Tex.
1996) (per curiam).  The failure to file timely a complaint with the commission
deprives the court of subject matter jurisdiction.  Czerwinski v. Univ. of
Tex. Health Sci. Ctr., 116 S.W.3d 119, 112 (Tex. App.—Houston [14th Dist.]
2002, pet. denied).  

            An
exception to application of the 180-day limitations period is the continuing
violation doctrine.  Santi v. Univ. of Tex. Health Sci. Ctr. at Houston,
312 S.W.3d 800, 804 (Tex. App.—Houston [1st Dist.] 2009, no pet.).  The
continuing violation doctrine applies when an unlawful employment practice
manifests itself over time, rather than as a series of discrete acts.  Id.
at 804–05; Wal-Mart Stores, Inc. v. Davis, 979 S.W.2d 30, 41–42 (Tex.
App.—Austin 1998, pet. denied).  The plaintiff must show an organized scheme
leading to and including a present violation, so that it is the cumulative
effect of the discriminatory practice, rather than any discrete occurrence,
that gives rise to the cause of action.  Santi, 312 S.W.3d at 804–05; Davis
v. Autonation USA Corp., 226 S.W.3d 487, 493 (Tex. App.—Houston [1st Dist.]
2006, no pet.).  

            Under
the continuing violation doctrine, a plaintiff is relieved of establishing that
all of the alleged discriminatory conduct occurred within the actionable
period, if the plaintiff can show a series of related acts, one or more of
which falls within the limitations period.  Pegram v. Honeywell, Inc.,
361 F.3d 272, 279 (5th Cir. 2004); Wal-Mart Stores, Inc., 979 S.W.2d at
42.  “The end goal of the continuing violation theory is to ‘accommodate
plaintiffs who can show that there has been a pattern or policy of
discrimination continuing from outside the limitations period into the statutory
limitations period, so that all of the discriminated acts committed as part of
this pattern or policy can be considered timely.’”  Pegram, 361 F.3d at
279 (quoting Celestine v. Petroleos de Venezuella SA, 266 F.3d 343, 352
(5th Cir. 2001)).  “A charge alleging a hostile work environment claim . . .
will not be time barred so long as all acts which constitute the claim are part
of the same unlawful employment practice and at least one act falls within the
time period.”  Nat’l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 122
(2002).  Discrete discriminatory acts such as termination, failure to promote,
denial of transfer, or refusal to hire are not actionable if time barred, even
when they are related to acts alleged in timely filed charges.  Id. at
113–114.  Each discriminatory act starts a new clock for filing charges
alleging that act.  Id. at 113.  

            A
lawsuit under the Act is limited to claims made in the charge or complaint
filed with the Equal Employment Opportunity Commission or the TWC and factually
related claims that can reasonably be expected to grow out of the commission’s
investigation.  Santi, 312 S.W.3d at 804; Bartosh v. Sam Houston
State Univ., 259 S.W.3d 317, 321 (Tex. App.—Texarkana 2008, pet. denied).  We
construe a claimant’s charge of discrimination filed with the TWC with “utmost
liberality”; however, the charge must contain an adequate factual basis so that
it puts the employer on notice of the existence and nature of the charges.  Santi,
312 S.W.3d at 804; Bartosh, 259 S.W.3d at 321.  Therefore, “‘[t]he
crucial element of a charge of discrimination is the factual statement
contained’ in the administrative complaint.”  Bartosh, 259 S.W.3d at 321
(quoting Preston v. Tex. Dep’t of Family & Protective Servs., 222 F.
App’x 353, 356 (5th Cir. 2007)).  

            Rodriguez
kept a written record of Fontenot’s sexual harassment from April 10, 2006,
through her six-week training period, which ended on May 17, 2006.  Rodriguez
did not record any incidents of Fontenot’s harassment after the end of her
training.  Relying on Rodriguez’s documentation of that six-week period only,
TSU argues that all of the alleged sexual harassment occurred between April 10,
2006, and May 17, 2006.  TSU maintains that, because Rodriguez did not file her
complaint until November 26, 2007, and Rodriguez was required to file her
complaint with the TWC within 180 days of the incident, the TWC could only
consider discrimination that took place on or after May 30, 2007.  

            Rodriguez,
however, does not limit her allegations of discrimination on the TWC charge
form to the six-week training period.  Instead, Rodriguez stated that the last
day of the discrimination was July 17, 2007, indicated that it was a “Continuing
Action,” and alleged that Fontentot “has continued to proposition me.”[2]  

            To
avoid the continuing violation doctrine, TSU further contends that the alleged
discrimination was a series of discrete events, including any discrimination
that took place on July 17, 2007—an event which TSU avers that Rodriguez should
have described in the TWC complaint.  As stated above, Rodriguez’s complaint of
discrimination implicates a hostile work environment.  A claim of hostile work
environment is a continuing violation.  Santi, 312 S.W.3d at 805.[3]  Therefore,
Rodriguez’s allegations of hostile work environment fall within the continuing
violation doctrine.  Because the sexual harassment manifested itself over a
period of time and was not a series of discrete events, the continuing
violation doctrine applies.  See id. at 804–05.  Rodriguez alleged in
her TWC complaint that the last date of sex discrimination occurred on July 17,
2007.  This was 129 days prior to her filing her TWC complaint on November 26,
2007.  If one of the acts of discrimination falls within the 180-day deadline,
the court may consider all of the acts that the plaintiffs allege are part of
the hostile work environment claim even though some acts may have taken place
outside the filing period.  See EEOC v. WC & M Enters., Inc., 496
F.3d 393, 397 (5th Cir. 2007); Wal-Mart Stores, Inc., 979 S.W.2d at 41. 
We conclude that Rodriguez timely filed her TWC complaint alleging sex discrimination. 


Retaliation

            TSU
argues that the court has jurisdiction to hear Rodriguez’s retaliation claims
based on her filing a discrimination charge only if the retaliation grows out
of an administrative claim that is properly before the court.  Therefore,
according to TSU, because Rodriguez’s sex discrimination claim is untimely and
must be dismissed, her retaliation claim must also be dismissed.  

            Under
Section 21.055 of the Labor Code, it is unlawful for an employer to retaliate
“against a person who, under this chapter: (1) opposes a discriminatory
practice; (2) makes or files a charge; (3) files a complaint; or (4) testifies
assists, or participates in any manner in an investigation, proceeding, or
hearing.”  Tex. Lab. Code Ann. §
21.055 (West 2006).  Rodriguez alleges that TSU retaliated against her for
filing the discrimination complaint by demoting her from a patrol position to a
desk job, denying her requests to attend training classes, conducting a “sham”
investigation against her, and terminating her employment.  

            As
addressed above, Rodriguez timely filed her sex discrimination complaint with
the TWC.  Although Rodriguez did not file a separate TWC charge alleging
retaliation, it was not necessary for her do so because her retaliation claims
“are factually related claims that could be expected to grow out the [TWC’s]
investigation of the charge.”  Thomas v. Clayton Williams Energy, Inc.,
2 S.W.3d 734, 738 (Tex. App.—Houston [14th Dist.] 1999, no pet.).  Rodriguez’s
retaliation claims are properly before the court.  The trial court did not err
in denying TSU’s plea to the jurisdiction as to Rodriguez’s sex discrimination
and retaliation claims.  Accordingly, we overrule TSU’s first and third
issues.  

Whistleblower Act Claims

            In
its second issue, TSU contends that the trial court erred by not dismissing
Rodriguez’s Whistleblower Act[4]
claim because her exclusive remedy for retaliation is the Labor Code.  Rodriguez
alleges that TSU took adverse personnel action against her because she, in good
faith, reported TSU’s discriminatory and retaliatory actions.  See Tex. Gov’t Code Ann. § 554.002(a) (“A
state or local governmental entity may not suspend or terminate the employment
of, or take other adverse personnel action against, a public employee who in
good faith reports a violation of law by the employing governmental entity or
another public employee to an appropriate law enforcement authority.”).  

            Relying
on the Texas Supreme Court’s opinion in City of Waco v. Lopez, TSU
asserts that the Labor Code provides the exclusive statutory remedy for Rodriguez’s
retaliation claim.  See 259 S.W.3d 147 (Tex. 2008).  In Lopez,
the plaintiff sued the City under the Whistleblower Act, claiming that he was
fired in retaliation for filing a grievance based on age and race
discrimination with the City’s EEO officer pursuant to the City’s EEO policy.  Id.
at 149–50.  The City filed a plea to the jurisdiction arguing that the Texas Commission
on Human Rights Act (CHRA)[5]
was the exclusive remedy for the plaintiff’s retaliatory discharge claim.  Id.
at 150.  

            The
Lopez court observed that, although the plaintiff never pleaded a CHRA
claim, his internal grievance with the City complaining of age and race
discrimination and his related retaliation claim “indisputably implicate[d] the
CHRA’s anti-retaliation provision.”  Id. at 151.  The court explained
that the Whistleblower Act provides a general remedy for retaliation based on
the report of any violation of the law and is intended to encourage disclosure
of governmental malfeasance and corruption, id. at 154, while the CHRA
addresses the specific evil of discrimination and retaliation in the workplace.
 Id. at 153.  Thus, like the Whistleblower Act, the CHRA prohibits
retaliation against employees, but the universe of conduct on which the
retaliation must be premised is confined to employment discrimination.  Id.
at 154.  After citing the different purposes and remedies of the two acts, the court
held that “the CHRA provides the exclusive state statutory remedy for public
employees alleging retaliation arising from activities protected under the CHRA
. . . [and] that a public employee pursuing a state statutory remedy for
retaliation arising from the employee’s opposition to conduct made unlawful
under the CHRA may only recover if he satisfies the requirements of the CHRA.” 
Id. at 155.  

            The
plaintiff’s retaliation claim fell within the CHRA, which provided his
exclusive state statutory remedy.  Id. at 156.  The plaintiff, however,
did not plead a cause of action under the CHRA, and he did not invoke the
procedures to remedy the acts of retaliation and discrimination.  Id.  Therefore,
the Lopez court held that, because the plaintiff failed to allege a
claim for which the City waived governmental immunity, the trial court did not
have jurisdiction over his claim.  Id.  

TSU’s reliance on Lopez in this plea to the
jurisdiction case is misplaced.  In Lopez, the plaintiff never invoked
the anti-discrimination provisions of the CHRA by filing an administrative charge
of discrimination or retaliation but, instead, only sought to remedy the
alleged retaliation under the Whistleblower Act.  Here, Rodriguez, unlike the
plaintiff in Lopez, invoked the anti-discrimination provisions of the
Labor Code by timely filing her sexual harassment discrimination claim with the
TWC.  Therefore, in this case, whether the Labor Code provides Rodriguez’s sole
statutory remedy for her retaliation claim is not the proper subject of a plea
to the jurisdiction.  

Although the Federal Rules of Civil Procedure provide
for a motion to dismiss for failure to state a claim upon which relief can be
granted, no similar provision is included in the Texas Rules of Civil Procedure.
 Centennial Ins. Co. v. Commercial Union Ins. Cos., 803 S.W.2d 479, 483
(Tex. App.—Houston [14th Dist.] 1991, no writ).[6] 
Under the Texas Rules of Civil Procedure, the proper way for a defendant to
urge that a plaintiff has failed to plead a cause of action is by special
exceptions.  Texas-Ohio Gas, Inc. v. Mecom, 28 S.W.3d 129, 141 (Tex.
App.—Texarkana 2000, no pet.); Centennial Ins. Co., 803 S.W.2d at 483. 
Only after the trial court sustains special exceptions, and a party has been
given an opportunity to amend its pleadings, may a case be dismissed for
failure to state a cause of action.  Centennial Ins. Co., 803 S.W.2d at
483.  

We hold that the trial court did not err when it
denied TSU’s plea to the jurisdiction as to Rodriguez’s Whistleblower Act
claim.  However, in so holding, we do not address whether Rodriguez can
maintain her Whistleblower Act claim in addition to her section 21.055 retaliation
claim.  Accordingly, we overrule TSU’s second issue.[7]  

 

Having overruled all of TSU’s issues, we affirm the
judgment of the trial court.

 

                                                                                    

                                                                        /s/        Sharon
McCally

                                                                                    Justice

 

 

Panel consists of Justices Anderson,
Seymore, and McCally.

 









[1]
See Tex. Civ. Prac. & Rem.
Code Ann. § 51.014(a)(8) (West 2008) (providing for an interlocutory
appeal from the trial court’s order granting or denying a governmental unit’s
plea to the jurisdiction).  





[2]
Emphasis added.  





[3]
The Supreme Court explained the nature of hostile environment claims as
follows:

Hostile environment claims
are different in kind from discrete acts.  Their very nature involves repeated
conduct. . . . The “unlawful employment practice” therefore cannot be said to
occur on any particular day.  It occurs over a series of days or perhaps years
and, in direct contrast to discrete acts, a single act of harassment may not be
actionable on its own. 

Nat’l R.R. Passenger Corp.,
536 U.S. at 115 (citations omitted).





[4]
See Tex. Gov’t Code Ann.
§§ 554.001–.010 (West 2004).  





[5]
In 2003, the CHRA was abolished and its powers and duties were transferred to
the Civil Rights Division of the Texas Workforce Commission.  Little v. Tex.
Dep’t of Criminal Justice, 148 S.W.3d 374, 377 (Tex. 2004) (citing Act of
May 30, 2003, 78th Leg., R.S., ch. 302, 2003 Tex. Gen. Laws 1279).  For
purposes of our discussion of the Lopez opinion, we will refer to the
CHRA because it was the law applicable to that case.  





[6]
See Fed. R. Civ. P. 12(b)(6)
(providing for motion to dismiss for failure to state a claim upon which relief
can be granted).  





[7]
In its appellate reply brief, TSU argues that it has not waived immunity as to
Rodriguez’s Whistleblower Act claim because she did not initiate the grievance
or appeal procedures prior to filing suit for violations of the Act.  See
Tex. Gov’t Code Ann. §
554.006(a).  TSU, however, did not raise this as a ground to dismiss in its
plea to the jurisdiction.  Therefore, we will not consider it in this appeal.