**COASTAL MART, INC., Appellant,**

v.

**Alfredo HERNANDEZ, Jr., Appellee.**

No. 13–00–347–CV.

Court of Appeals of Texas, Corpus Christi.

April 18, 2002.

---

Lisa D. Powell, Valorie C. Glass, Atlas & Hall, L.L.P., McAllen, Steve Meisgeier, The Coastal Corp., Houston, for Appellant.

Larry R. Daves, Colorado Legal Services, La Junta, CO, Margil Sanchez, Jr., Rio Grande City, for Appellee.

Before Chief Justice VALDEZ and Justices DORSEY and RODRIGUEZ.

## OPINION

Opinion by Chief Justice VALDEZ.

Alfredo Hernandez, Jr. sued Coastal Mart, Inc. ("Coastal") for gender-based discrimination under the Texas Commission on Human Rights Act ("TCHRA") after Coastal terminated him and hired a woman to replace him. *See* TEX. LAB.CODE ANN. §§ 21.001–21.556 (Vernon 1996 & Supp.2002). The jury found for Hernandez, and the trial court entered judgment on the verdict. Through eight issues Coastal challenges: (1–4) the legal and factual sufficiency to support the jury's findings; (5–6) the legal and factual sufficiency of damages awarded; and (7–8) the attorney's fees that were awarded. We affirm.

### Facts

In July, 1990, Hernandez began work as a cashier in a Coastal Mart Store in Edinburg. After two months he was promoted to assistant manager and later to store manager. After managing the Edinburg store for two and one-half years he was transferred to manage another store in McAllen. In August, 1994, Robert Flores ("Flores") became the area sales manager for Hernandez's area and supervised Hernandez. In early 1995, Flores gave him two awards for his work at the McAllen store.

Prior to Hernandez's termination, Flores made various assertions concerning his preference for a female to fill Hernandez's position. Flores also admitted a preference for female managers. Armando Vasquez, a co-worker, overheard similar comments made by Flores. Specifically, he heard Flores comment "how a female could manage the store better." On other occasions he heard Flores state "how a female could keep the store organized and clean." Hernandez was terminated on June 15, 1995.

### Procedural History

On December 11, 1996, Hernandez sued Coastal and Flores for violations of the TCHRA, alleging discrimination based on gender. The jury found that gender was a "motivating factor" in Coastal's decision to terminate Hernandez and awarded $135,000.00 in compensatory damages. The trial court reduced this figure to $128,000.00 and awarded $41,088.64 in prejudgment interest, and $32,535.25 in attorney's fees.

### Arguments

A. Legal and Factual Sufficiency

Appellant's first four issues challenge the legal and factual sufficiency of the evidence.

When a party attacks the factual sufficiency of an adverse finding on an issue on which he has the burden of proof, he must demonstrate on appeal that the

adverse finding is against the great weight and preponderance of the evidence. *Dow Chem. Co. v. Francis,* 46 S.W.3d 237, 242 (Tex.2001). The court of appeals must consider and weigh all of the evidence, and can set aside a verdict only if the evidence is so weak or if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Id.*

■■■ When we review a legal sufficiency challenge, we must consider all the evidence in a light favorable to the party in whose favor the verdict was rendered, and every reasonable inference raised by the evidence is to be indulged in that party's favor. *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.,* 960 S.W.2d 41, 48 (Tex.1998); *Hines v. Comm'n for Lawyer Discipline,* 28 S.W.3d 697, 701 (Tex.App.-Corpus Christi 2000, no pet.). A legal sufficiency point may only be sustained when the record discloses: (1) a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; and (4) the evidence established conclusively the opposite of the vital fact. *Juliette Fowler Homes, Inc. v. Welch Assocs.,* 793 S.W.2d 660, 666 n. 9 (Tex.1990). If there is more than a scintilla of evidence to support the finding, the legal sufficiency challenge fails. *Formosa,* 960 S.W.2d at 48; *Stafford v. Stafford,* 726 S.W.2d 14, 16 (Tex.1987).

The applicable question concerning Coastal's termination of Hernandez's employment reads as follows:

> Question 1:
>
> Was gender a motivating factor in Coastal Mart, Inc.'s decision to discharge Alfredo Hernandez, Jr.?

> A "motivating factor" in an employment decision is a reason for making the decision at the time it was made. There may be more than one motivating factor for an employment decision.
>
> Answer "Yes" or "No."

Section 21.051 of the Texas Labor Code provides that an "employer commits an unlawful employment practice if because of ... sex ... the employer ... discharges an individual...." TEX. LAB.CODE ANN. § 21.051(1) (Vernon Supp.2002). An unlawful employment practice is established when the complainant demonstrates that sex was a motivating factor for an employment practice. TEX. LAB.CODE ANN. § 21.125(a) (Vernon Supp.2002).

The TCHRA is modeled after federal civil rights law. *See NME Hosps., Inc. v. Rennels,* 994 S.W.2d 142, 144 (Tex.1999). One express purpose of the TCHRA is to "provide for the execution of the policies of Title VII of the Civil Rights Act of 1964 and its subsequent amendments." TEX. LAB.CODE ANN. § 21.001(1) (Vernon Supp 2002). The TCHRA purports to correlate "state law with federal law in the area of discrimination in employment." *Schroeder v. Texas Iron Works, Inc.,* 813 S.W.2d 483, 485 (Tex.1991). Thus, in light of the legislature's express purpose, we look to analogous federal precedent for guidance when interpreting the Texas Act. *See NME Hosps., Inc. v. Rennels,* 994 S.W.2d 142, 144 (Tex.1999).

■■■ The United States Supreme Court has held that Title VII protects an employee from reverse discrimination, that is, employer discrimination against a member of a historically favored group. *McDonald v. Santa Fe Trail Transp. Co.,* 427 U.S. 273, 280, 96 S.Ct. 2574, 49 L.Ed.2d 493 (1976). An employer's decision to terminate a person's employment violates the TCHRA when that decision was based on sex, whether that sex be male or female.

*See Martinez v. El Paso County,* 710 F.2d 1102, 1105–06 (5th Cir.1983) (discussing Title VII); *see also Byers v. Dallas Morning News, Inc.,* 209 F.3d 419, 425 (5th Cir.2000) (holding that an employer's decision to terminate and individual's employment based on race is a violation of Title VII, regardless of whether that person is white or black).

In review of Coastal Mart's appeal, the dissent focuses on the *McDonnell Douglas* burden-shifting scheme. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under that framework, the dissent examines a three step process, in which: (1) the plaintiff proves his prima facie case by a preponderance of the evidence; (2) the defendant rebuts the presumption of intentional discrimination arising from the prima facie case by articulating legitimate, non-discriminatory reasons for the challenged action; and (3) the plaintiff counters by offering evidence that the legitimate, non-discriminatory reasons are really a pretext for discrimination. *Casarez v. Burlington Northern/Santa Fe Co.,* 193 F.3d 334, 337 (5th Cir.1999) (footnote and citations omitted).

■ However, when a case has been fully tried on its merits, as here, we do not focus on the burden shifting scheme described above. *Rubinstein v. Adm'rs of Tulane Educ. Fund,* 218 F.3d 392, 402–03 (5th Cir.2000); *Rutherford v. Harris County,* 197 F.3d 173, 180 (5th Cir.1999). Once the case has been submitted to the jury, "the adequacy of a party's showing at any particular stage of the *McDonnell Douglas* ritual is unimportant." *Travis v. Bd. of Regents of Univ. of Texas Sys.,* 122 F.3d 259, 263 (5th Cir.1997) (quoting *Molnar v. Ebasco Constructors, Inc.,* 986 F.2d 115, 118 (5th Cir.1993)). We need not parse the evidence into discrete segments. *Rubinstein,* 218 F.3d at 402. "Instead, we

inquire whether the record contains sufficient evidence to support the jury's ultimate findings." *Smith v. Berry Co.,* 165 F.3d 390, 394 (5th Cir.1999) (citations omitted).

■ For Hernandez to prevail in this employment discrimination case, he, as a Title VII plaintiff, bears the burden of proving not only that the employer's "purported reasons for taking an adverse employment action are pretextual, but also that the employer engaged in illegal discrimination." *Travis,* 122 F.3d at 263. We review the record to determine whether there is sufficient evidence to permit a reasonable jury to find that Coastal Mart terminated Hernandez's employment because he is male and that its stated reasons for not doing so are pretextual. *See Rutherford,* 197 F.3d at 181 (examining the evidence favorably to the verdict so as to determine whether the plaintiff introduced sufficient evidence to permit a reasonable jury to find that the defendant promoted someone else due to their gender); *see also Krystek v. Univ. of S. Mississippi,* 164 F.3d 251, 256 (5th Cir.1999).

■ Regarding the evidence introduced at trial, we recognize that a defendant's stray remarks may be sufficient evidence of discrimination if the comments are: (1) related to the protected class of persons of which the plaintiff is a member; (2) proximate in time to determinations; (3) made by an individual with authority over the employment decision at issue; and (4) related to the employment decision at issue. *Wal–Mart Stores, Inc., v. Bertrand,* 37 S.W.3d 1, 10 (Tex.App.-Tyler 2000, pet. denied).

■ Viewing the evidence favorably to the verdict, we hold that Hernandez introduced sufficient evidence to support the verdict. The record demonstrates a plethora of evidence regarding gender dis-

crimination. First, Hernandez testified that he overheard Flores, the district manager who terminated Hernandez's employment, state that a female would keep the store cleaner and better organized. Second, Hernandez testified that Flores stated that he preferred having more female managers because females did a better job than males. Third, Armando Vasquez testified that he overheard Flores state that a female could manage the store better than he could. Fourth, testimony was admitted showing that Flores made comments that he was spending a lot of time in Brownsville because there was a nice-looking female at one of the stores. Fifth, evidence was introduced at trial showing Flores's comments that he preferred a woman for the job and his subsequent replacement of Hernandez's position with a woman. Sixth, the record contains a separation notice in which Flores writes that the failure to maintain "a clean and organized office and facility" was a basis for termination.

These remarks regarding a woman's preferable performance directly correspond with Flores's decision to terminate Hernandez. They were made in light of Flores's written remarks in the separation agreement and were done so in proximate time to the 'determination to terminate Hernandez's employment. We further recognize that they were made by Flores, a person with the ability to affect Hernandez's employment status.

Accordingly, this evidence supports a holding that Flores's remarks were not merely remote assertions but rather, were related to Flores's decision to terminate Hernandez's employment. In light of this evidence, we hold that "reasonable persons could differ in their interpretation of the evidence, and the facts and reasonable inferences would permit reasonable jurors" to find in Hernandez's favor. *See Rutherford*, 197 F.3d at 182. As such, we hold that there is more than a scintilla of evidence to support the jury's findings. *Formosa*, 960 S.W.2d at 48; *Stafford v. Stafford*, 726 S.W.2d 14, 16 (Tex.1987). We further hold that the evidence is not so weak nor are the jury's findings so against the great weight and preponderance of the evidence that they are clearly wrong and unjust. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex.2001).

We further overrule Coastal's contention that it should have been granted a motion for judgment as a matter law. We do so in light of our overruling its legal sufficiency argument. This is because "a motion for judgment as a matter of law ... in an action tried by jury is a challenge to the legal sufficiency of the evidence supporting the jury's verdict." *Rubinstein*, 218 F.3d at 402–03. We also overrule Coastal's remaining contentions arguing about the amount of evidence presented concerning other non-discriminatory reasons for Hernandez's termination.

Coastal points to evidence showing non-pretextual reasons for Hernandez's termination; namely, concerns with bookkeeping, customer relations, vendor relations, employee relations, and reporting. This evidence, although insightful, is not controlling in this situation since our primary inquiry concerns "whether the record contains sufficient evidence to support the jury's ultimate findings." *Smith v. Berry Co.*, 165 F.3d 390, 394 (5th Cir.1999). As we have overruled appellant's sufficiency of the evidence challenges and its remaining contentions, appellant's first four points of error are overruled.

**B. Damages**

Coastal's fifth and sixth points of error contest the damages awarded for back pay. Coastal's main contention argues that there is insufficient evidence to support the back pay Hernandez was awarded

because he failed to mitigate damages when he voluntarily left his employment at Wal–Mart, to assist in the care of an ill brother. They further argue that Hernandez's claim that he was unable to find unemployment after his position at Wal–Mart is "not credible." [1]

We review determinations of whether a claimant used reasonable diligence in attaining and maintaining substantially similar employment as a finding of fact, reversible only if clearly erroneous. *Rhodes v. Guiberson Oil Tools,* 82 F.3d 615, 621 (5th Cir.1996); *see also NME Hosps., Inc. v. Rennels,* 994 S.W.2d 142, 144 (Tex.1999). (opining that we look to analogous federal precedent for guidance when interpreting the Texas Act). As such, if the trial court's findings are plausible in light of the evidence presented, we may not reverse its decision even if we would have reached a different conclusion. *Anderson v. Bessemer City,* 470 U.S. 564, 573–74, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). A wrongfully discharged employee has a duty to mitigate damages by making a good faith effort to obtain and retain employment. *Ford Motor Co. v. Equal Employment Opportunity Comm'n,* 458 U.S. 219, 231–34, 102 S.Ct. 3057, 73 L.Ed.2d 721 (1982). Mitigation is a defensive issue upon which Coastal bore the burden of proof at trial. *Id.* Generally, the reasonableness of plaintiff's explanation for rejecting a job offer, and the adequacy of efforts to mitigate are fact questions properly left to the jury. *Id.*

At trial, evidence concerning mitigation was presented by both sides. Coastal's expert witness testified that a person in Hernandez's position should have been able to find a job within a week

and a half at most, and that he should have been able to obtain an equivalent position with equivalent earning potential within a year and a half. Hernandez testified concerning his efforts to obtain employment and retain employment following his discharge until trial. He testified that he tried unsuccessfully to find a job the entire time he was unemployed.

After reviewing the record, we hold that there was no clear error in finding that Hernandez made a reasonable effort to mitigate damages and hold that the jury's findings were plausible in light of the evidence presented. *Anderson,* 470 U.S. at 573–74, 105 S.Ct. 1504. Regarding Coastal's argument that Hernandez's testimony was "not credible," we hold that such conflicts in credibility are matters for the jury, and as such we will not disturb those findings. *Ford,* 458 U.S. at 231–34, 102 S.Ct. 3057.

Appellant's fifth and sixth points of error are overruled.

### C. Attorney's Fees

Coastal through its seventh and eighth issues challenges the attorney's fees that were awarded because (1) they were awarded despite Hernandez's failure to submit an issue for fees and (2) Hernandez failed to timely disclose witnesses as to attorney's fees.

Coastal argues that the trial judge erred in making a finding on attorney's fees because the award of attorney's fees is an issue that must be submitted to a jury. However, when a claim is made based on employment discrimination under the Texas Commission on Human Rights Act, attorney's fees may be awarded as

---

1. While Coastal's heading for this point of error challenges the legal and factual sufficiency of the damages awarded, the argument in the brief addresses only the issue of mitigation with no references to the record concerning any other arguments. As such we will only address the issue of mitigation of damages. Tex.R.App. P. 38.1(h)

part of the cost. Tex. Lab.Code Ann. § 21.259(a) (Vernon Supp.2002) (providing that "a court may allow the prevailing party, other than the commission, a reasonable attorney's fees as part of the costs"); *Gorges Foodservice, Inc. v. Huerta*, 964 S.W.2d 656, 673 (Tex.App.-Corpus Christi 1997, no pet.). Furthermore, the trial court is the proper authority to determine and award costs, including attorney's fees authorized as costs under Chapter 21 of the Texas Labor Code. *Gorges*, 964 S.W.2d at 673; *Borg–Warner Protective Servs. Corp. v. Flores*, 955 S.W.2d 861, 870 (Tex.App.-Corpus Christi 1997, no pet.).

Accordingly, we hold that the trial court did not err in awarding attorneys to the prevailing party in this suit.

Coastal's final complaint argues that the award of attorney's fees is erroneous because Hernandez's expert's were untimely designated and as such there is no evidence to support the award of such fees. They argue that Hernandez's disclosure of experts to testify regarding attorney fees on June 18, 1999, was untimely because the trial was set for July 7, 1999.

This analysis fails to take into account the fact that the trial date was reset. When the trial setting is rescheduled, a party may supplement its answers to discovery. *See, e.g., Texas Tech Univ. Health Sciences Ctr. v. Apodaca*, 876 S.W.2d 402, 410 (Tex.App.-El Paso 1994, writ denied). Under Texas Rule of Civil Procedure 195.2, "a party must designate experts ... by the later of the following two dates: 30 days after the request is served, or (a) with regard to all experts testifying for a party seeking affirmative relief, 90 days before the end of the discovery period." Tex.R. Civ. P. 195.2. This trial began in October 1999, and Hernandez responded to Coastal's requests for disclosure on June 17, 1999. Thus Hernandez's response was given in compliance with the 90 day rule and as such comported with rule 195.2.

Appellant's final two points of error are overruled.

We affirm the judgment of the trial court.

Dissenting opinion by Justice DORSEY.

Dissenting Opinion by Justice DORSEY.

This case concerns the sufficiency of the evidence to sustain a jury's verdict that an employer unlawfully discriminated against an employee on the basis of sex. At trial, Coastal's evidence showed that it had fired Hernandez due to his failure to properly perform the duties and responsibilities required of a Coastal Mart store manager, while Hernandez attempted to show that Coastal's reasons for the termination were not the real reasons for his discharge and that sex discrimination was the real reason for his discharge. Because I conclude that there is no evidence to support the jury's finding that sex was a "motivating factor" in Coastal's decision to terminate Hernandez, I respectfully dissent from the majority's opinion.

Section 21.125(a) of the Texas Labor Code provides that "an unlawful employment practice is established when the complainant demonstrates that ... sex ... was a motivating factor for an employment practice, even if other factors also motivated the practice...." Tex. Lab.Code Ann. § 21.125(a) (Vernon Supp.2002). The plain meaning of this statute establishes "a motivating factor" as the plaintiff's standard of causation in a Texas Commission on Human Rights Act unlawful employment practice claim, regardless of how many factors influenced the employment decision. *Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 480 (Tex.2001).

Here the trial court instructed the jury that " 'motivating factor' in an employment decision is a reason for making the decision at the time it was made. There may be more than one motivating factor for an employment decision." Thus Hernandez established an unlawful employment practice if he demonstrated that sex was a motivating factor in Coastal's decision to terminate him. Proving the employer's stated reason for the firing is pretext is ordinarily sufficient to permit the trier of fact to find that the employer was actually motivated by discrimination. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147–48, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000); *Quantum Chem. Corp.*, 47 S.W.3d at 481–82.

## LEGAL SUFFICIENCY

By issues one through four Coastal challenges the legal and factual sufficiency of the evidence to support the jury's affirmative answer to question one, which stated, "Was gender a motivating factor in Coastal Mart, Inc.'s decision to discharge Alfredo Hernandez, Jr.?" The majority determined that the evidence was legally and factually sufficient to support the jury's answer to this question. I disagree.

This Court will sustain a no-evidence point only if there is no more than a scintilla of evidence to prove the existence of a fact. *Quantum Chem. Corp.*, 47 S.W.3d at 481. We review all the evidence in the light most favorable to the verdict and indulge every reasonable inference in favor of the verdict. *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex.1997).

Hernandez introduced evidence showing that Coastal's area sales manager, Robert Flores, made several remarks, which according to Hernandez, demonstrated sex-based animus in Coastal's decision to terminate him. These remarks were heard by Reyna Torres, Hernandez himself, and Armando Vasquez.

Torres worked as an assistant manager at the McAllen Coastal Mart store where Hernandez was terminated. Hernandez supervised her at that store. She voluntarily left Coastal in September, 1994, and about a month later, Robert Flores offered her a job as a manager at the McAllen store, but she refused the offer. She testified that on one occasion Flores told her that she was the only one with a pleasant and professional voice on his voice mail.

Hernandez testified that at some point after Flores became his supervisor he overheard Flores tell a Coastal employee that he was spending a lot of time in Brownsville because there was a nice-looking female at one of the stores. Hernandez also testified that on several occasions Flores stated that females could do a better job in keeping the store clean and organized and that he would prefer having more female managers in the store because females do a better job than males. Hernandez stated that Flores made those statements around January and April of 1995. Hernandez was fired on June 15, 1995.

Armando Vasquez began working as a cashier for the McAllen store about mid-May, 1995. He had heard Flores complain that Hernandez did not keep a clean store. On May 30, 1995, Vasquez overheard Flores tell Hernandez about how a female could manage the store better than he could. Thereafter Vasquez heard Flores comment on how messy the store was and how a female could keep the store organized and clean. Vasquez testified that after Hernandez had gotten fired that day, Flores said something like "a woman could keep this store cleaner." Vasquez also testified that on June 15, 1995, Flores advised him that a female was going to take over the store and she would make the

store run smoother and better than Hernandez.

A defendant's stray remarks may constitute sufficient evidence of discrimination if the comments are (1) related to the protected class of persons of which the plaintiff is a member; (2) proximate in time to the complained-of determinations; (3) made by a person with authority over the employment decision at issue; and (4) related to the employment decision at issue. *Wal–Mart Stores, Inc., v. Bertrand,* 37 S.W.3d 1, 10 (Tex.App.-Tyler 2000, pet. denied). While Flores' remarks indicating he favored women managers over men satisfied the first three components of that test, they ultimately are not sufficient to show discrimination because the remarks were *not related* to the specific employment decision at issue in this case; *i.e.,* Flores' termination of Hernandez. The fact that the remarks were not tied to the alleged discriminatory employment action means they are not sufficient to create an inference that Hernandez's termination was motivated by sex-based discrimination.

Even though Flores seemed to favor women for manager positions, no evidence—circumstantial or otherwise—was presented at trial to show that Flores actually fired Hernandez because he was a man and that he had the intention of replacing him with a woman. In fact, the evidence shows the contrary. When Flores began looking for a replacement for Hernandez, he did not request a female. Rather, he asked the other Coastal area sales managers in the Rio Grande Valley if they knew of anyone who was qualified for the job. Dan Sanchez recommended Yeenia Milan because she had done an outstanding job managing a training store, and he felt she could manage the McAllen store. The evidence does not show that any manager recommended a male to replace Hernandez; rather, the undisputed evidence showed that Milan was the *only* person recommended to Flores and that he did not request a female replacement for Hernandez. Any inference of discrimination that may have arisen from the evidence of Flores' discriminatory attitudes is offset by the evidence showing that Flores, in fact, did not act on his beliefs. Accordingly, given the evidence in the record supporting Hernandez, I conclude that there is no evidence to show that Hernandez's sex was a motivating factor in Flores's decision to terminate him. The evidence offered by Hernandez is no more than a mere scintilla and does no more than create a mere surmise or suspicion of a vital fact.

FACTUAL SUFFICIENCY

In reviewing a factual sufficiency point we are required to weigh all of the evidence in the record. *See Ortiz v. Jones,* 917 S.W.2d 770, 772 (Tex.1996). We may overturn findings only if they are so against the great weight and preponderance of the evidence that they are clearly wrong and unjust. *See id.* I conclude that there is also factually insufficient evidence to support the verdict.

The evidence showed that in August, 1994, Flores became the area sales manager for the McAllen store and began supervising Hernandez. His initial impression was that Hernandez was a very capable manager who was able to do his job. However his impression changed when he learned that Hernandez was having conflicts with customers, vendors, and a co-worker.

These incidents prompted Flores to send a letter to Jerry Godwin, Coastal's zone vice-president for the Rio Grande Valley, detailing the incidents and recommending that Hernandez be fired because of these problems. Godwin concurred in Flores' decision to terminate Hernandez.

Flores denied that Hernandez's replacement's gender played any role in his decision to hire her. In fact, Flores eventually demoted her, and she ultimately quit. Flores testified specifically that his decision to terminate Hernandez was not in any way based on gender and that, likewise, his decision to hire Milan (Hernandez's replacement) was in no way based on gender.

Flores terminated Hernandez on June 15, 1995. On that day he went to the store and gave Hernandez a separation notice, which showed that "reorganization" was the reason for termination. This notice stated:

> As Area Sales Manager for Coastal Mart # 318, I am making a reorganization of the Store Manager position. This decision is based solely on my observations, documented customer complaints and employee concerns transcripts. The following is a list of the areas in which the present manager has demonstrated the lack of skill and/or ability to attain compliance as described by the Coastal Mart Store Manager Job Description and Responsibilities Manual:

The separation notice listed seven areas of concern that led to the termination. At trial, evidence was produced regarding six of the seven "areas of concern" mentioned in the separation notice. Those areas were customer service, employee relations, vendor relations, maintenance of a clean and well-organized facility, response time for promotional signs and displays and daily required bookkeeping. Evidence was presented showing that Hernandez was deficient in all those areas.

The reason for the termination articulated by Coastal was that Hernandez had conflicts with vendors, employees, and customers, that he did not keep his store clean, that he fell behind on his bookkeeping, and that he was late with promotional signs and displays. Hernandez admitted that he had problems with at least two vendors, that he had told a customer, Marcelino Torres,[1] "to hell with you," and that he did fall behind on his daily bookkeeping. Thus, Coastal gave legitimate, nondiscriminatory reasons for terminating Hernandez.

Accordingly I conclude that there is both no evidence and factually insufficient evidence to support the jury's answer to question one. Coastal has shown that sex was not a motivating factor for the employment decision and has also articulated a legitimate, nondiscriminatory reason for the termination.

I would sustain issues one through four and render judgment that Alfredo Hernandez, Jr., take nothing by his suit against Coastal Mart, Inc.

---

1. Marcelino Torres sent a letter to Robert Flores, Hernandez's supervisor, complaining about Hernandez's conduct. Hernandez later admitted that he had said this remark.