**DEL MAR COLLEGE DISTRICT, Appellant,**

v.

**Velda VELA, Appellee.**

**No. 13–05–728–CV.**

Court of Appeals of Texas, Corpus Christi–Edinburg.

March 22, 2007.

Shirley Selz, Gary, Thomasson, Hall & Marks, Corpus Christi, for appellant.

Charles Smith, Corpus Christi, for appellee.

Before Justices YAÑEZ, RODRIGUEZ, and GARZA.

## OPINION

Opinion by Justice RODRIGUEZ.

In this employment discrimination suit, appellant, Del Mar College District (the District), brings an interlocutory appeal from the trial court's denial of the District's motion to dismiss for lack of jurisdiction. *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(8) (Vernon Supp.2006) (allowing an interlocutory appeal from the grant or denial of a plea to the jurisdiction by a governmental unit). In one issue, the District contends that the trial court erred in denying its motion to dismiss for lack of subject matter jurisdiction because appellee, Velda Vela, did not file an administrative complaint within 180 days of the alleged unlawful employment practice as required by section 21.202 of the Texas Labor Code.[1] *See* Tex. Lab.Code Ann. § 21.202 (Vernon 2006). We affirm.

## I. Factual and Procedural Background[2]

### A. Charge of Gender Discrimination

On September 12, 2003, Vela filed a verified charge of discrimination against the District designating the latest date that discrimination took place as March 27, 2003. In particular, Vela alleged the following:

In or around June 2002 through the present time I have been subjected to different terms and conditions at the hands of the Male Equipment Manager and Supervisor of the Equipment Manager. During this time, I have asked to be transferred to another department. On or about March 27, 2003, I was verbally assulted [sic] by the Male Equipment Manager. On this same day I was transferred to another work location.

During my time with the College I have been treated differently than another male custodian co-worker.

In her charge of discrimination, based on this information, Vela alleged that she had been discriminated against due to her gender. The Commission issued a notice of right to sue letter on February 24, 2004.

### B. Lawsuit Allegations

On April 19, 2004, Vela filed her original petition basing her claim on chapter 21 of the Texas Labor Code and seeking to enjoin the District from discrimination on the basis of sex and a hostile work environment. In her petition, Vela stated that she had been employed by the District since August 15, 1993. She asserted that approximately one week after being transferred to the Aquatic Building, she began experiencing problems with Roy Moya, an equipment manager. She alleged that on one specific occasion, Moya compared her hair color to the color of her breasts. Vela alleged that she complained to her supervisor about Moya's sexual comments, and the day after making these complaints, Moya approached her at the door of the ladies' dressing room, where Vela was per-

---

1. When the Texas Commission on Human Rights Acts (TCHRA) was recodified into the Texas Labor Code, the revised law omitted as unnecessary the short title of the act. *See Little v. Tex. Dep't of Criminal Justice,* 148 S.W.3d 374, 377 (Tex.2004). "In addition, the Commission on Human Rights was recently abolished and its powers and duties were transferred to the newly-created Civil Rights Division of the Texas Workforce Com-

mission." *Id.* (citing Act of May 30, 2003, 78th Leg., R.S., ch. 302, 2003 Tex. Gen. Laws 1279). Accordingly, we will refer to chapter 21 of the labor code, instead of the TCHRA, as the statute has been commonly referred to in the past.

2. We note that Vela did not file an appellate brief.

forming her custodial duties. She asserted that Moya used abusive language to inform her that she had no business talking about him to their supervisor and cornered her in the dressing room while yelling at her and making gestures as if he was going to hit her. Vela alleged that she radioed her supervisor, who arrived moments later and took her to the Affirmative Actions Department where Vela filed a grievance against Moya. Vela further alleged that prior to this incident, she was informed several times that Moya did not want a female custodian in his department. She also asserted that Moya developed and engaged in a scheme to harass and discriminate against her because of her sex.

### C. Deposition Testimony

In her deposition on September 29, 2005, Vela testified that she was permanently transferred to the Aquatic Department sometime in January 2003. She stated that she began experiencing problems within the first week of her transfer. Vela testified regarding three incidents when Moya made sexually-related comments to her. She testified the first incident occurred in early February 2003, after she highlighted her hair, when Moya told her she looked like Dolly Parton because she had the "boobs." Vela testified that the second incident occurred about a week and one-half to two weeks after the first. At that time, Moya commented that Vela needed to get a smaller bra because a button on her smock had popped open. Vela stated that the third incident involved a comment about her "boobs," but she did not specifically recall the incident.

Vela also testified that the verbal assault alleged in her petition did not occur on March 27, 2003, as stated in her charge of discrimination, but on February 17, 2003.[3] She further testified that no other incident occurred on March 27, 2003.

Vela also stated in her deposition that after she was transferred from the Aquatic Building, she did not physically come into contact with Moya again, but that he appeared on two occasions at the time clock when she was there. Vela testified that on the first occasion, Moya stared at her for fifteen minutes and did not say anything and that this incident occurred two weeks after the board hearing in September 2003. According to Vela, the second occurrence at the time clock occurred approximately a week after the first incident, when Moya was walking with "one of the guys" and said something like "it's a wonderful day."

### D. District's Motion to Dismiss for Lack of Jurisdiction

On October 24, 2005, the District filed a motion to dismiss for lack of jurisdiction, asserting that the court lacked jurisdiction over Vela's claim because she failed to comply with the mandatory limitations period established by section 21.202 of the Texas Labor Code. Vela filed her charge of discrimination against the District on September 12, 2003. In its motion, the District specifically asserted that because Vela testified at her deposition that the incident she alleged in her charge to have occurred on March 27, 2003, actually occurred on February 17, 2003, and that no incident occurred on March 27, 2003, she failed to timely file within the 180 days of the alleged discriminatory act as required by section 21.202. *See id.*

---

**3.** Vela later executed a Change/Signature page stating that she did not recall if the verbal assault incident actually occurred on February 17, 2003 or February 25, 2003. She also stated that she was transferred from the Aquatic Building on February 25, 2003. She swore to and verified the correctness of her deposition after making these changes.

### E. Vela's Response to Motion to Dismiss

On November 8, 2005, Vela submitted an affidavit in response to the District's motion to dismiss. In this affidavit, Vela alleged that she was verbally assaulted by Moya on February 27, 2003. However, she also alleged two incidents occurred in March 2003. The first incident allegedly occurred at the time clock on March 7, 2003, when Moya approached her, stared at her with hate and made a "sassy and sarcastic" remark about how beautiful the day was. Vela stated that the second incident occurred on March 27, 2003, when Moya allegedly harassed her when she was clocking into work by staring and glaring at her body "up and down" and telling her that the District would not do anything to him.

### F. Trial Court's Denial of the District's Motion to Dismiss

Following a hearing on November 15, 2003, the trial court, "having considered the pleading, the arguments and briefs of the parties, the affidavits, other supporting evidence, and papers on file in this case," signed an order denying the District's motion to dismiss. This appeal ensued.

### II. Motion to Dismiss

In its sole issue, the District contends that the trial court erred in denying its motion to dismiss. The District argues that the trial court has no subject matter jurisdiction over Vela's cause of action because she failed to file an administrative charge of discrimination within the 180 days after the alleged unlawful employment practice as required by the labor code. *See id.*

### A. The Law

The Texas Labor Code makes it unlawful for an employer to discriminate against an employee with respect to compensation or the terms, conditions, or privileges of employment because of race, color, disability, religion, sex, or national origin. *Id.* § 21.051. Sexual harassment is a form of sex discrimination prohibited by the code. *Syndex Corp. v. Dean,* 820 S.W.2d 869, 871 (Tex.App.-Austin 1991, writ denied) (citing *Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 65, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986)). The law recognizes two types of sexual harassment claims: quid pro quo and hostile work environment. Vela's sexual harassment claim implicates a hostile work environment. *See Garcia v. Schwab,* 967 S.W.2d 883, 885 (Tex.App.-Corpus Christi 1998, no pet.) (discussing hostile work environment as a form of sexual harassment); *Ewald v. Wornick Family Foods, Corp.,* 878 S.W.2d 653, 659 (Tex.App.-Corpus Christi 1994, writ denied) (setting out the elements of a hostile work environment claim).

Section 21.202 of the Texas Labor Code provides that, "[a] complaint under this subchapter must be filed not later than the 180th day after the date the alleged unlawful employment practice occurred." Tex. Lab.Code Ann. § 21.202 (Vernon 2006). The timely filing of a complaint under the labor code is "mandatory and jurisdictional." *Specialty Retailers, Inc. v. DeMoranville,* 933 S.W.2d 490, 492 (Tex.1996) (per curiam); *Schroeder v. Tex. Iron Works, Inc.,* 813 S.W.2d 483, 486 (Tex.1991); *see Hoffmann–La Roche, Inc. v. Zeltwanger,* 144 S.W.3d 438, 446 (Tex. 2004) ("The CHRA further establishes a 'comprehensive administrative review system,' under which the 'exhaustion of administrative remedies is a mandatory prerequisite to filing a civil action alleging violations of the CHRA.' "). If the administrative complaint is not filed timely, the suit must be dismissed for lack of jurisdiction. *Schroeder,* 813 S.W.2d at 488. How-

ever, if the claimant states a claim for a hostile work environment practice, the claim will be timely so long as one act falls within the appropriate time period and all of the acts that make up the hostile work environment practice are part of the same employment practice. *AMTRAK v. Morgan*, 536 U.S. 101, 120–22, 122 S.Ct. 2061, 153 L.Ed.2d 106 (U.S.2002) ("A court's task is to determine whether the acts about which an employee complains are part of the same actionable hostile work environment practice, and if so, whether any act falls within the statutory time period.").[4]

### B. Standard of Review

■ A motion to dismiss based on a lack of subject matter jurisdiction is the functional equivalent to a plea to the jurisdiction challenging the trial court's authority to determine the subject matter of a cause of action. *Lacy v. Bassett*, 132 S.W.3d 119, 122 (Tex.App.-Houston [14th Dist.] 2004, no pet.) (citing *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex.2000)). Whether a court has subject matter jurisdiction is a question of law subject to *de novo* review. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex.2004); *Tex. Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex.2002); *Tex. A & M Univ., Corpus Christi v. Vanzante*, 159 S.W.3d 791, 794, (Tex.App.-Corpus Christi 2005, no pet.).

■ "We are allowed to consider evidence pertinent to the jurisdictional inquiry." *Vanzante*, 159 S.W.3d at 794 (citing *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex.2002)). If the evidence creates a fact question regarding the jurisdictional issue, the trial court must deny the plea to the jurisdiction and submit the issue to the fact finder. *Miranda*, 133 S.W.3d at 227–28. Conversely, if the evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court should rule on the plea to the jurisdiction as a matter of law. *Id.* at 228. This standard generally mirrors that of summary judgment. *Id.* We review the trial court's ruling *de novo*. *Id.*

### C. Analysis

■ It is undisputed that Vela claimed she was verbally assaulted by Moya sometime in February 2003.[5] It is also undisputed that Vela filed her charge of discrimination on September 12, 2003, more than 180 days after this alleged discriminatory act occurred. Thus, based on the February 2003 alleged incident, the discrimination charge was not timely filed, and the trial court did not have jurisdiction.

At her deposition, Vela testified that no other incident occurred on March 27, 2003. Vela also described two incidents at the time clock; incidents she stated occurred after she had been transferred from the Aquatic Building and after the board meeting in September 2003. However, in her

---

4. When reviewing a case brought under the labor code, a court may look to the code and, when necessary, to analogous federal provisions in Title VII, *see generally Eckerdt v. Frostex Foods, Inc.*, 802 S.W.2d 70, 72 (Tex.App.-Austin 1990, no writ) (per curiam), and federal precedent relating to the same. *See Coastal Mart, Inc. v. Hernandez*, 76 S.W.3d 691, 695 (Tex.App.-Corpus Christi 2002, pet.

dism'd). Texas courts are obligated to follow higher Texas courts and the United States Supreme Court. *Penrod Drilling Corp. v. Williams*, 868 S.W.2d 294, 296 (Tex.1993) (per curiam).

5. Vela testified that the alleged assault occurred on February 17, 2003, or February 25, 2003, and later affied that it occurred on February 27, 2003.

affidavit filed in response to the District's motion to dismiss, Vela alleged that the discrimination against her included the following acts: (1) being asked to stay away from the Aquatic Building; (2) being harassed and intimidated by Moya on or about March 7, 2003, when he made a "sassy and sarcastic remark about how beautiful the day was"; and (3) being harassed and intimidated on or about March 27, 2003, when Moya approached Vela at the time clock and stared and glared at her body and told her the District could not do anything to him and walked away laughing. Thus, based on Vela' affidavit, the March 27, 2003 incident that was alleged to have contributed to the claim fell within the 180 day statute of limitations. *See Morgan*, 536 U.S. at 128, 122 S.Ct. 2061.

■ The District argues that we should not consider Vela's affidavit because it contradicts her own deposition testimony.[6] We disagree. This Court follows the pronouncements of the Texas Supreme Court in *Randall v. Dallas Power & Light Co.*, 752 S.W.2d 4, 5 (Tex.1988), as in *Larson v. Family Violence and Sexual Assault Prevention Ctr. of S. Tex.*, 64 S.W.3d 506 (Tex.App.-Corpus Christi 2001, pet. denied), and concludes that, as a general rule, if conflicting inferences may be drawn from a deposition and from an affi-

davit filed by the same party in opposition to a motion for summary judgment, a fact issue is presented, and we do not disregard the affidavit as a sham. *See Randall*, 752 S.W.2d at 5; *Larson*, 64 S.W.3d at 513; *see Davis v. City of Grapevine*, 188 S.W.3d 748, 756 (Tex.App.-Fort Worth 2006, pet. denied) (discussing the conflict among the appellate courts regarding the "sham" affidavit doctrine and concluding that when conflicting inferences may be drawn between a party's summary judgment affidavit and his deposition on matters of material fact, a fact issue is presented). Because our review mirrors the summary judgment standard, we apply the same reasoning in this instance. *Miranda*, 133 S.W.3d at 228; *cf. Adler v. Fed. Republic of Nigeria*, 107 F.3d 720, 728 (9th Cir.1997) (concluding in a plea to the jurisdiction, sovereign immunity case that while the Ninth Circuit has allowed district courts to disregard "sham" affidavits in summary judgment cases, the district court is the finder of fact on immunity issues and should consider all evidence before it in resolving the issue, and the contradictory nature of an affidavit merely affects its weight).

■ In this case, conflicting inferences can be drawn between Vela's affidavit and her deposition on when the acts occurred.

---

6. The District urges this Court to follow *Farroux v. Denny's Restaurants, Inc.*, 962 S.W.2d 108, 111 (Tex.App.-Houston [1st Dist.] 1997, no pet.), and adopt the sham affidavit doctrine. We decline to do so. Nevertheless, this Court has determined that the sham affidavit doctrine does have some limited viability or application where (1) the affidavit is executed after the deposition and (2) there is a clear contradiction on (3) a material point (4) without explanation, as in *Barth v. Royal Ins. Co.*, No. 13–02–688–CV, 2004 Tex.App. LEXIS 11319, at *9 n. 5, 2004 WL 2904306, at *7 n. 5 (Tex.App.-Corpus Christi Dec.16, 2004, no pet.) (mem.op.). *See id.* In *Office of the AG v. Murillo*, No. 13–05–598–CV, 2006

Tex.App. LEXIS 10899, at *12, 2006 WL 3759716, at *2 (Tex.App.-Corpus Christi Dec.21, 2006, no pet.) (mem.op.), the conflicts failed to meet this standard for application of the sham doctrine. *See id.* ("While we recognize that there are variances between Murillo's deposition testimony and her affidavit testimony, we cannot conclude the differences are so egregious that the complained-of statements should be disregarded."). Additionally, in *Smith v. Mossbacker*, 94 S.W.3d 292, 296 (Tex.App.-Corpus Christi 2002, no pet.), the affidavit was executed prior to the deposition, so the doctrine "can and should be ignored." *Id.*

Therefore, we first conclude that Vela's affidavit should not have been excluded and was properly reviewed by the trial court. Second, we conclude that the evidence before us creates a fact issue regarding the dates of Moya's alleged acts, facts we cannot determine from the record before this Court. Thus, the trial court did not err in denying the District's motion to dismiss for want of jurisdiction. We overrule the District's sole issue.

### IV. Conclusion

The order of the trial court is affirmed.