# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-06-00427-CV

---

**Amaro Tijerina, Appellant**

**v.**

**Texas Alcoholic Beverage Commission, Appellee**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
NO. D-1-GN-03-001996, HONORABLE WILLIAM E. BENDER, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Amaro Tijerina sued his former employer, the Texas Alcoholic Beverage Commission ("TABC") alleging discrimination based on age and retaliation. *See* Tex. Lab. Code Ann. §§ 21.051, .055 (West 2006). Tijerina also sought injunctive relief based on an alleged violation of the Texas Constitution. TABC filed a plea to the jurisdiction asserting that Tijerina's suit was barred because he did not file an administrative complaint with the Texas Commission on Human Rights (TCHR)[1] within the 180-day statute of limitations. TABC also contended that the trial court lacked subject matter jurisdiction over Tijerina's constitutional claim and request for injunctive relief. The trial court granted the plea, and Tijerina appeals. We will affirm the trial court's order.

---

[1] Such administrative complaints are now filed with the Texas Workforce Commission. *See* Tex. Lab. Code Ann. § 21.0015 (West 2006).

**FACTUAL AND PROCEDURAL BACKGROUND**

Tijerina began working for TABC in 1976. In February 2000, he was transferred from TABC's McAllen office to its Houston office. At the time of his transfer, Tijerino was 50 years old and was a long-time resident of South Texas. Tijerina protested the transfer to Houston and was told he was being transferred because he was "not involved enough in the community." Tijerina's position at the McAllen office was then filled by a TABC employee in his thirties. In February 2001, the employee who had replaced Tijerina in McAllen requested, and was granted, a family hardship transfer to Longview. Tijerina then requested a transfer back to the McAllen office also based on family hardship. On June 21, 2001, Tijerina was notified that the transfer had been denied.

Tijerina filed an administrative complaint with the TCHR on April 3, 2002, stating that he was "discriminated against because of [his] age 52 in violation of The Age Discrimination in Employment Act," and that he was "retaliated against on [his] later transfer request" because he "protested the original decision to transfer [him] to Houston." Tijerina alleged that TABC granted the younger employee's request for family hardship transfer to Longview, while denying his, and that another TABC employee in his thirties was placed in the McAllen position Tijerina had requested. Tijerina further alleged that a TABC supervisor stated that "people who are eligible for retirement should be leaving the agency."[2] Tijerina stated in the charge that the earliest date of discrimination was February 2000 (presumably when he was transferred to Houston) and the latest date was

---

[2] Based on his age and years of service, Tijerina was eligible for retirement at the time this statement was made.

June 13, 2001, the date of the letter informing him that his request for transfer back to McAllen was denied. Tijerina asserted that the discrimination was a "continuing action."

On January 24, 2003, Tijerina sued TABC, alleging that TABC engaged in "adverse employment decisions and discrimination because of his age." Tijerina further alleged that he had been "retaliated against and continued in exile from his native area" because he "blew the whistle on inappropriate or illegal activities of the TABC Director" in 1987. Without further specificity, Tijerina alleged that TABC violated the Texas Constitution and the Texas Labor Code, causing him to suffer damages, including mental and physical distress and injury. Tijerina's petition sought damages, a declaration that TABC violated his constitutional rights, and "an injunction permitting transferring him to Hidalgo County."

TABC filed a plea to the jurisdiction asserting that Tijerina's age discrimination and retaliation claims were barred as a matter of law because Tijerina had not complied with the jurisdictional prerequisites to filing these claims by timely filing an administrative complaint with the TCHR, as required by statute. TABC's plea to the jurisdiction therefore challenged the existence of jurisdictional facts. As evidence of untimely filing, TABC relied upon the charge of discrimination filed with the TCHR on April 3, 2002. TABC also sought dismissal of Tijerina's "constitutional violation claim," contending that there is no private right of action or common law cause of action for damages for a violation of the Texas Constitution. TABC further argued that Tijerina had shown no underlying violation of any constitutional rights and the equitable relief he sought, namely a transfer to Hidalgo County, was impossible because Tijerina had since retired from TABC. Tijerina did not file a response to TABC's plea to the jurisdiction, and did not object to or

3

dispute the evidence of jurisdictional facts on which TABC relied. Although properly notified, neither Tijerina nor his counsel appeared at the hearing on the plea. The trial court granted TABC's plea to the jurisdiction and dismissed Tijerina's suit with prejudice. By two issues Tijerina contends that (1) the trial court erred by granting the plea to the jurisdiction with respect to his unlawful employment practices claims because he timely filed a charge of discrimination, and (2) the district court erred in dismissing his constitutional claim for lack of subject-matter jurisdiction.

## STANDARD OF REVIEW

Whether a court has subject-matter jurisdiction is a question of law. *See Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). In deciding a plea to the jurisdiction, we may not weigh the merits of the plaintiff's claims, but must consider only the plaintiff's pleadings, construed in the plaintiff's favor, as well as evidence pertinent to the jurisdictional inquiry. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). If a plea to the jurisdiction challenges the existence of jurisdictional facts, the court considers relevant evidence submitted by the parties when necessary to resolve the jurisdictional issue raised. *See Miranda*, 133 S.W.3d at 227. When, as in this case, the jurisdictional facts do not implicate the merits of the case and are undisputed, the court makes the jurisdictional determination as a matter of law based solely on those undisputed facts. *Id*. at 228. We review that determination de novo. *Id.*

DISCUSSION

*Age Discrimination/Retaliation Claims*

The jurisdictional issue here concerns the timing of Tijerina's charge of discrimination filed with the TCHR. Tijerina filed no response to the plea to the jurisdiction, nor did he contradict or object to the jurisdictional facts relied upon by TABC. The facts surrounding the filing of the charge are undisputed. Because the trial court was required to resolve the jurisdictional issue on the basis of undisputed facts, we review the trial court's decision de novo. *See Miranda*, 133 S.W.3d at 227-28.

In his April 3, 2002 charge of discrimination filed with the TCHR, Tijerina alleged that on June 21, 2001, the TABC discriminated against him because of his age by denying his request for a family hardship transfer to McAllen while granting similar transfer requests to younger employees. Tijerina further alleged that the June 21, 2001 denial of the transfer request was also in retaliation for his having protested his original transfer from McAllen to Houston in February 2000. Tijerina also claimed that he was advised by a TABC chief that "people who are eligible for retirement should be leaving the agency." The TCHR form does not state the date upon which the TABC chief allegedly made this comment, but Tijerina alleged on the TCHR form that the earliest date discrimination took place was February 2000 and the latest date discrimination took place was June 13, 2001. Tijerina also checked the "continuing action" box.

A person claiming to be aggrieved by an unlawful employment practice must file a complaint with the TCHR not later than the 180th day after the date the alleged unlawful employment practice occurred. Tex. Lab. Code Ann. § 21.202(a). Timely filing of an administrative

5

complaint is a mandatory and jurisdictional prerequisite to filing suit. *Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 492 (Tex. 1996); *Texas Parks & Wildlife Dep't v. Dearing*, 150 S.W.3d 452, 459 (Tex. App.—Austin 2004, pet. denied). Failure to file the complaint within the 180-day period constitutes failure to exhaust administrative remedies and deprives the court of subject-matter jurisdiction. *Harris v. Showcase Chevrolet*, 231 S.W.3d 559, 561 (Tex. App.—Dallas 2007, no pet.). The 180-day period begins to run "when the employee is informed of the allegedly discriminatory employment decision." *Specialty Retailers*, 933 S.W.2d at 493 (citing *Delaware State Coll. v. Ricks*, 449 U.S. 250, 258 (1980)). In this case, the 180-day time period began to run on June 21, 2001, the date Tijerina was informed that his transfer request had been denied. Tijerina did not file his complaint with the TCHR until April 3, 2002, more than 100 days past the statutory 180-day deadline. When, as here, the administrative complaint is not timely filed, the court lacks jurisdiction and the suit must be dismissed. *See Del Mar Coll. Dist. v. Vela*, 218 S.W.3d 856, 860 (Tex. App.—Corpus Christi 2007, no pet.).

To avoid the bar of limitations, Tijerina invokes the continuing-action doctrine. The continuing-action doctrine provides an exception to the 180-day filing deadline for unlawful discrimination that "manifests itself over time, rather than [as] a series of discrete acts." *Wal-Mart Stores, Inc. v. Davis*, 979 S.W.2d 30, 41-42 (Tex. App.—Austin 1998, pet. denied). The continuing-action doctrine, which applies under limited circumstances, permits a plaintiff to include in a timely filed action complaints of conduct that occurred more than 180 days before the charge of discrimination was filed, and that would otherwise be time-barred. When "continuing action" discrimination occurs, the 180-day filing clock does not begin to run until one of the involved

6

discriminatory events "should, in fairness and logic, have alerted the average layperson to act to protect his or her rights." *Id.* at 42. The continuing-action doctrine expands the scope of discriminatory events that are actionable by permitting a party to sue for unlawful employment practices occurring more than 180 days before the charge of discrimination was filed if the otherwise time-barred conduct is part of an organized scheme leading up to and including a violation that accrued within the limitations period. *Davis*, 979 S.W.2d at 41.

In order for the continuing-action doctrine to apply, however, the aggrieved party must have timely filed a charge as to at least one of the acts of discrimination included in the continuing action. *Id.* (citing *Glass v. Petro-Tex Chem. Corp.*, 757 F.2d 1554, 1560-61 (5th Cir. 1985)). A review of Tijerina's charge of discrimination and his petition reveals that all of the employment actions of which Tijerina complains occurred well over 180 days prior to his filing the charge of discrimination; therefore, none was timely filed. The charge of discrimination states that the time period in which the discrimination occurred was from February 2000 to June 13, 2001. Tijerina does not allude to any conduct occurring within 180 days of his April 3, 2002 filing. In his petition, Tijerina alleged that he had been "subjected to adverse employment decisions and discrimination because of his age" and that he was "retaliated against . . . because he blew the whistle" on another TABC employee in 1987.[3] These allegations refer to the June 21, 2001 denial of his request for a family hardship transfer to McAllen. Tijerina also alleges that a TABC chief told him that "people who were eligible for retirement should retire and leave TABC." Although Tijerina

---

[3] The retaliation claim in Tijerina's petition cites a different basis for retaliation than was set forth in the TCHR charge in which he alleged that he was retaliated against for challenging the February 2000 transfer to Houston.

7

does not indicate the date on which this comment was made, the charge of discrimination indicates that it occurred at some point between February 2000 and June 13, 2001.[4]

Having failed to file a response to the TABC's plea to the jurisdiction or appear at the hearing at which the trial court granted the plea, Tijerina attempted to demonstrate that he had exhausted his administrative remedies by attaching an affidavit to his motion for new trial wherein he averred that he "repeatedly made oral requests for transfer . . . after 2000 and was consistently passed over." Even if this evidence was properly before the trial court, having not been presented to the court before or during the hearing on the plea to the jurisdiction,[5] Tijerina's affidavit does not contain an allegation of discrimination within the 180-day period prior to April 3, 2002, and does not constitute evidence showing that Tijerina timely filed his charge of discrimination. Moreover, Tijerina's statement in his affidavit that he was "targeted with discrimination on transfers . . . within 180 days of the date of the filing of my Charge of Discrimination" is a conclusory allegation that does not support a claim of employment discrimination. *See Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir. 1985) (plaintiff cannot establish prima facie case with "conclusory allegations of discrimination, absent any concrete particulars").

---

[4] In his brief, Tijerina makes the bare assertion that statements referring to "older workers retiring, while younger workers were replacing older retiring workers occurred within the 180 days time period of filing the charge of discrimination." This statement is unsupported by any pleadings or evidence in the appellate record. Moreover, this Court has not considered the materials attached as an appendix to Tijerina's brief, as they are not part of the appellate record. Tex. R. App. P. 34.

[5] The affidavit did not contain newly discovered evidence, nor was the plea to the jurisdiction granted by default, Tijerina having answered and been properly notified of the hearing. *See* Tex. R. Civ. P. 324(b), 329.

Moreover, even if Tijerina had properly exhausted his administrative remedies with respect to the newly asserted claim that he was denied transfers within the 180-day time period, such subsequent denials do not render timely the June 21, 2001 transfer request denial that he complained of in his charge of discrimination and upon which his lawsuit is based. The Supreme Court has held that the continuing-action doctrine does not apply to "serial violations" consisting of discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire. *See National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 (2002). These acts are each easy to identify, and are not the type of unlawful unemployment practice that manifests itself over time. *Id.* The Supreme Court held that only those acts that occurred during the filing period are actionable. *Id.* The June 21, 2001 denial of Tijerina's transfer request occurred more than 280 days before he filed the charge of discrimination.

Tijerina contends that, in addition to claims for age discrimination and retaliation in denying the transfer, he also complained that he was constructively discharged and that the constructive discharge was the conduct occurring within the 180-day time period that supports application of the continuing-action doctrine. This argument lacks merit. Neither the charge of discrimination nor Tijerina's petition can be fairly read to include a claim of constructive discharge. The only reference to constructive discharge is contained in the statement of facts in Tijerina's petition in which he alleges that he was constructively discharged after he "blew the whistle on inappropriate or illegal activities of the TABC Director" *in 1987*. The petition goes on to state that Tijerina was reinstated in 1992 as part of the settlement of a lawsuit he filed against TABC, presumably complaining of that constructive discharge. Nowhere does Tijerina complain of a

9

*second* constructive discharge or provide any factual allegations regarding constructive discharge. In fact, Tijerina retired from TABC in 2003, *after* both the charge of discrimination and this lawsuit had been filed. Neither Tijerina's trial court pleadings nor his charge of discrimination allege that he was constructively discharged from TABC. His petition plainly states, "Tijerina has exhausted his administrative remedies, and appealed the refusal to grant his requested transfer and filed a Charge of Discrimination with the Texas Commission on Human Rights." Both the charge of discrimination and Tijerina's petition cite the denial of his transfer request as the unlawful employment act; Tijerina does not allege constructive discharge arising out of this or any other conduct by TABC.

In a further attempt to avoid the consequences of his failure to file a timely charge of discrimination, Tijerina cites *Gorges Food Service, Inc. v. Huerta*, 964 S.W.2d 656 (Tex. App.—Corpus Christi 1997, no pet.) to support his contention that, because he received right to sue letters from the EEOC and the TCHR, "a rational reference exists" that his charge of discrimination was timely filed. This argument also fails. In *Gorges*, on appeal after a jury trial, the court of appeals reviewed the factual and legal sufficiency of the evidence tending to show that the plaintiff had timely filed a complaint with the TCHR. *Id.* at 663. In the absence of any direct evidence of the date on which the charge of discrimination was filed, the court held that the jury could have rationally inferred that Huerta's complaint was timely filed from the Commission's action in sending him a "notice of right to file a civil action" letter rather than dismissing the complaint. *Id.* at 664. In the present case, the filing date for Tijerina's charge of discrimination is undisputed and plain from the record, and this Court is not engaged in a review of the sufficiency

10

of the evidence. The facts and procedural posture of this case are distinguishable from *Gorges*, and the court's reasoning in that case has no bearing on the issues presented in this appeal.

Tijerina did not timely file a charge of discrimination with the TCHR and therefore failed to exhaust his administrative remedies. The trial court properly dismissed the age-discrimination and retaliation claims for lack of subject-matter jurisdiction. We overrule Tijerina's first issue.

### *Claim for Equitable Relief*

In his petition, Tijerina alleged as one of his causes of action that the TABC "violated the Texas Constitution." Tijerina requested a declaration that his constitutional rights were violated and sought injunctive relief in the form of an order that he be granted a transfer to Hidalgo County. The trial court dismissed this claim with prejudice.[6] At the time of the hearing on TABC's plea to the jurisdiction, it was impossible for this relief to be granted because Tijerina had already retired from TABC and was no longer a TABC employee. When an event intervenes that renders it impossible to grant effectual relief, the court will not proceed to review the case, but should dismiss the proceeding. *See Morris Plan Bank v. Ogden*, 144 S.W.2d 998, 1004 (Tex. App.—Fort Worth 1940, no writ). Because it was impossible for the trial court to grant the injunctive relief Tijerina requested, dismissal was proper. *See Speer v. Presbyterian Children's Home and Serv. Agency*,

---

[6] On appeal, Tijerina does not argue that the trial court erred in dismissing his suit to the extent it sought a declaration that his constitutional rights were violated. Rather, on appeal Tijerina contends that the only relief he sought with respect to his constitutional claims was equitable injunctive relief in the form of an order granting his request for a transfer to Hidalgo County. Tijerina's briefing on appeal addresses only his contention that the court erred in dismissing his claim for injunctive relief.

847 S.W.2d 227, 228-29 (Tex. 1993) (when circumstances rendered futile requested injunctive relief, case should be dismissed as moot even if plaintiff were ultimately to prevail on merits). Tijerina's retirement from TABC made it impossible for the trial court to grant the injunctive relief requested. The trial court therefore properly dismissed the claim for injunctive relief. We overrule Tijerina's second issue.

## CONCLUSION

Having concluded that the trial court lacked subject-matter jurisdiction over Tijerina's claims, we affirm the trial court's order of dismissal.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Henson

Affirmed

Filed: July 14, 2009